**Dennis D. DONOVAN, Plaintiff-Appellant,**

v.

**HAYDEN, STONE, INC., Defendant-Appellee.**

No. 20295.

United States Court of Appeals, Sixth Circuit.

Nov. 27, 1970.

Paul L. Westerfield, Cincinnati, Ohio, for plaintiff-appellant; Westerfield & Ogden, Cincinnati, Ohio, on brief.

Charles H. Tobias, Jr., Cincinnati, Ohio, for defendant-appellee; Steer, Strauss, White & Tobias, Cincinnati, Ohio, on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

PER CURIAM.

We dismiss the appeal in this case sua sponte because the decision of the District Court is not a final appealable order.

An Ohio State court rendered judgment against appellant, Donovan, and in favor of appellee, Hayden, Stone, Inc., on

a promissory note. In connection with the transaction involving the note, Hayden, Stone initiated an involuntary bankruptcy proceeding against Donovan, which was dismissed. All of the relief sought by Donovan against Hayden, Stone in the present case grows out of circumstances incident to these transactions, including a claim for damages for malicious prosecution.

Hayden, Stone moved to strike and dismiss the complaint. The District Judge granted the motion in part and struck certain paragraphs. The motion to dismiss the claimed malicious prosecution of the involuntary bankruptcy proceeding was denied, and that part of the proceeding remains pending in the District Court.

Donovan appeals from those parts of the order of the District Court striking other paragraphs of the complaint.

 Under 28 U.S.C. § 1291, the Court of Appeals has jurisdiction only from *final* decisions of the United States District Courts. A judgment is final for purposes of appeal when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined. Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821; St. Louis, Iron Mountain & S. R.R. Co. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 27 L. Ed. 638; City of Louisa v. Levi, 140 F. 2d 512 (6th Cir.).

By the enactment of 28 U.S.C. § 1291, the Congress has expressed its policy against piecemeal appeals. This policy has been applied repeatedly by the Supreme Court and by this Court. Switzerland Cheese Association v. E. Horne's Market, 385 U.S. 23, 24, 87 S.Ct. 193, 17 L.Ed.2d 23; Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383; Baltimore Contractors, Inc. v. Bodinger, Inc., 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; McLish v. Roff, 141 U.S. 661, 12 S.Ct. 118, 35 L. Ed. 893; Gulf States Paper Corp. v. Johnson, 269 F.2d 835 (6th Cir.).

The order of the District Court in the present case does not come within the provisions of Rule 54(b), Fed. R.Civ.P. The District Court did not make "an express determination that there is no just reason for delay" or "an express direction for the entry of the judgment." Accordingly the order is not appealable and the appeal must be dismissed. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Business Communications, Inc. v. Cahners Publishing Co., 420 F. 2d 535 (6th Cir.); Partin v. Hassan Motors, Inc., 363 F.2d 104 (6th Cir.); Woodby v. Chesapeake & Ohio R.R. Co., 345 F.2d 668 (6th Cir.).

The appeal is dismissed without prejudice to the right of parties to raise on any future appeal from a final judgment all issues which they have undertaken to raise on the present appeal.