Robert Anthony REED et al.,
Plaintiffs-Respondents,
v.
James A. RHODES et al.,
Defendants-Petitioners.

Nos. 76–2602 and 76–2603.

United States Court of Appeals,
Sixth Circuit.

Nov. 17, 1976.

George I. Meisel, Charles F. Clarke, William C. Hartman, James P. Murphy, Squire, Sanders & Dempsey, John H. Bustamante, Bustamante, Donohoe, Palmisano & Co., Cleveland, Ohio, James E. Michael, Asst. Atty. Gen., Columbus, Ohio, Mark O'Neill, Weston, Hurd, Fallon, Paisley & Howley, James L. McCrystal, Jr., Cleveland, Ohio, for defendants-petitioners.

Thomas I. Atkins, Roxbury, Mass., Joseph P. Meissner, James L. Hardiman, Cleveland, Ohio, Nathaniel R. Jones, N.A.A.C.P., New York City, Louis R. Lucas, Memphis, Tenn., for plaintiffs-respondents.

Before McCREE, LIVELY and ENGEL, Circuit Judges.

## ORDER

We consider defendants' petition to permit an interlocutory appeal from an order of the district court which held them responsible for racially segregated conditions in the Cleveland schools and directed them to submit proposed instructions to a special master to be appointed to devise a remedial plan. Petitioners were also enjoined "from discriminating on the basis of race in the operation of" the Cleveland schools, "from creating, promoting, or maintaining racial segregation" in any facility in the Cleve-land school system, and from proceeding with any planned construction of new facilities "not now underway" without specific review by the court 422 F.Supp. 708. This order was stayed by a single judge of this court pending the requested appeal 549 F.2d 1046. We also consider plaintiffs' motion to vacate the stay and plaintiffs' memorandum in opposition to defendants' petition for permission to appeal.

■ The restraints placed upon defendants by the district court's order are neither severe nor costly. The order does not compel defendants to perform any particular act, except to participate in the formulation of a remedial plan. The direction to assist in the development of a remedy is not by itself appealable. See *Milliken v. Bradley*, 468 F.2d 903 (6th Cir. 1972); *Taylor v. Board of Education*, 288 F.2d 600 (2d Cir. 1961). Furthermore, the prohibition against racial discrimination is already imposed by the Constitution. However, the direction not to proceed with the construction of new facilities is appealable as an injunction under 28 U.S.C. § 1292(a)(1).

■ At the conclusion of its opinion, the district court, pursuant to 28 U.S.C. § 1292(b), certified without identifying the issues underlying its decision on the merits of the litigation. Because we agree that the statutory conditions have been met, an interlocutory appeal will be permitted under 1292(b). Because we have thus decided to permit an appeal of the district court's holding that

> the Cleveland Board of Education and the State Board of Education, through their constituent members and their appointed superintendents, have violated the plaintiffs' Fourteenth Amendment right to equal protection under the laws by intentionally fostering and maintaining a segregated school system within the Cleveland public schools,

we need not examine further questions of finality and the scope of review of the injunction.

■ Defendants oppose plaintiffs' motion to vacate the stay of the district court's order pending this appeal. To be entitled

to a stay, defendants must show, inter alia, a likelihood of success of the appeal on the merits. We do not believe this burden has been met. Indeed, such a showing would be difficult, if not impossible, without a searching examination of the lengthy record in order to determine whether it supports the district court's carefully written opinion.

■ We also reject the suggestion that a stay is necessary to avoid splitting this litigation into two simultaneous proceedings. It is true that this court ordinarily does not exercise its jurisdiction until proceedings below have been completed. But Congress, in enacting 28 U.S.C. § 1292(b), created an exception to this general rule. Congress could have required but did not require the granting of permission for an interlocutory appeal to be accompanied always by a stay of the lower court proceedings. In school desegregation cases, where the value of the constitutional rights to be protected far outweighs administrative costs that might be incurred in formulating a remedy, the lower court proceedings such as those contemplated here should continue. See *Swann v. Charlotte-Mecklenburg Board of Education*, 399 U.S. 926, 90 S.Ct. 2247, 26 L.Ed.2d 791 (1970).