Charles M. COLEMAN, Appellee,

v.

SHERWOOD MEDICAL INDUSTRIES, et al., Appellants.

No. 84–1867.

United States Court of Appeals, Eighth Circuit.

Oct. 15, 1984.

Rehearing Denied Dec. 7, 1984.

Barry A. Short, St. Louis, Mo., for appellants.

Before HEANEY, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

The issue before us is whether Sherwood Medical Industries may appeal from a dis-

trict court's[1] order requiring it to pay Charles M. Coleman $500 in attorneys' fees and $441.68 in costs as a sanction for failing to comply with a discovery order. We conclude that it may not, and therefore dismiss this appeal for lack of jurisdiction.

On February 1, 1984 plaintiff/appellee Charles M. Coleman obtained an order requiring defendant/appellant Sherwood Medical Industries, Inc. to submit to a deposition and to produce certain documents. On March 30, 1984, Coleman filed motions seeking to have Sherwood held in contempt and charged with costs and attorneys' fees for failing to attend the deposition. On June 5, 1984, the district court awarded Coleman $441.68 in costs and $500 in attorneys' fees,[2] but declined to find Sherwood in contempt. This appeal followed.

The order assessing costs and fees is not a final decision or judgment, and is not appealable under 28 U.S.C. § 1291. To be immediately appealable, it would have to fall within the collateral order exception to the final-judgment rule,[3] as defined in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The Supreme Court has delineated the scope of that exception in the following manner:

> To come within the "small class" of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

We will assume without deciding that the order conclusively determines that Sherwood must pay the attorneys' fees and costs, and that the order resolves an important issue which is collateral to the merits of the action. We conclude, however, that the order does not meet the third criterion because it can be reviewed on appeal from final judgment.

For an order to be "effectively unreviewable on appeal from final judgment" it must implicate rights which could be lost or irreparably harmed if immediate review were denied. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376–77, 101 S.Ct. 669, 674–75, 66 L.Ed.2d 571 (1981). Review of pretrial discovery orders has generally been denied because they can be effectively reviewed after final judgment. *See id.* at 377, 101 S.Ct. at 675. Sherwood will suffer no irreparable harm if it must await final judgment before challenging the order requiring payment of $941.68 in costs and attorneys' fees.

Denial of immediate review of the order for costs and attorneys' fees is consistent with the rule requiring that all claims of error be presented in a single appeal following final judgment on the merits. The reason for this rule is explained as follows:

> It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. Fed.R.Civ.P. 37(b)(2) allows district courts in which actions are pending to impose a variety of sanctions for a party's failure to obey a discovery order, including payment of costs and attorneys' fees incurred by the other party as a result of the failure to comply with the order.

3. Sherwood has not sought certification of this interlocutory appeal from the district court under 28 U.S.C. § 1292(b).

judgment." *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783. * * *
*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. at 374, 101 S.Ct. at 673.

We therefore join the majority of circuits that have held that orders imposing costs and/or attorneys' fees on a party for failing to comply with a discovery order are not immediately appealable under the collateral order exception. *Meche v. Dan-Tex International, Inc.,* 681 F.2d 264 (5th Cir. 1982); *In re Underwriters at Lloyd's,* 666 F.2d 55 (4th Cir.1981); *Eastern Maico Distributors, Inc. v. Maico-Fabrzeugfabrik,* 658 F.2d 944 (3d Cir.1981); *Johnny Pflocks v. Firestone Tire & Rubber Co.,* 634 F.2d 1215 (9th Cir.1980); *Evanson v. Union Oil Co. of California,* 619 F.2d 72 (Em.App.), *cert. denied,* 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980); *but see State of Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370 (10th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978). Accordingly, we dismiss this appeal on our own motion for lack of jurisdiction. *See 8th Cir.R.* 12(a).