791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL HENRY JORDAN, PURCELL S. COZZENS, Plaintiffs-Appellees,
vs.
TONY R. YOUNG, WARDEN, Defendant-Appellant.
 85-5316
 United States Court of Appeals, Sixth Circuit.
 4/4/86
 
 APPEAL DISMISSED
 W.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: CONTIE and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Tony R. Young, Warden, appeals from an order of the district court granting judgment in favor of plaintiff Paul Henry Jordan on Jordan's complaint regarding the telephone and library conditions at the Federal Correctional Institute at Memphis. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.
 
 I.
 
 2
 On April 2, 1984, Paul Henry Jordan and Purcell Cozzens file a pro se complaint against Tony Young, Warden of the Memphis Federal Correctional Institute, M. L. Washington, William Heaney, Education Supervisor, Pat Bartley, Case Manager, and Frank Hunter, Counselor. Plaintiffs asserted as claims the removal of a typewriter from disciplinary and administrative segregation, and the fact that inmates in segregation are not allowed to have ink pens, carbon paper and typing paper or writing paper with lines. Further, plaintiffs alleged that the law library was inadequate because the materials were outdated. Inmates were allowed to have two-inch pencils. The complaint sought access to the law library seven days each week, both day and night, proper writing materials, 'legalized' carbon paper, access to policy and procedures manuals, typewriters, more library space, and access to a legal expert. Plaintiffs sought damages for mental anguish and punitive damages. In an apparent amendment, plaintiffs alleged that they were denied access to a notary, paper clips, stapler, and free postage stamps. Further, 'it is even harder for the inmates, who are locked-up in either disciplinary, and/or administrative segregation, to get the opportunity to make any type of legal telephone call.' Inmates in segregation have no access to a copy machine, and cannot see their case workers, unit managers, or counselors. Plaintiffs failed to specifically allege violation of any constitutional or statutory provision. Plaintiffs also sought appointment of counsel which the court denied on April 25, 1984. On June 18, 1984, defendants answered denying the allegations of the complaint. All defendants asserted failure to assert a constitutional claim, qualified immunity, and lack of individual liability.
 
 
 3
 At trial on January 16, 1985, several witnesses testified regarding the prison telephone system whereby prisoners were generally allowed to place collect local telephone calls subject to limited exceptions. The defendant objected that this issue had not been raised previously in the pleadings and was not properly set for trial.
 
 
 4
 After trial, the district court found that 'the system at FCI Memphis for keeping it [the library] uptodate is inadequate.' 'I believe that the court should grant relief to the Plaintiff to the extent that the court makes a finding that the library should be monitored and replacements should be made at least monthly.' The court also sought to make available Title 18 of the United States Code in unannotated form. The court found that there was a typewriter in segregation and that 'the proof hasn't established that there is any real need for more typewriters.' The court found no space problem. Further, '[t]ypewriters should be replaced or repaired as soon as they become inoperable. And if that's on a weekly basis, so be it.'
 
 
 5
 With respect to the telephone service, the district judge indicated that 'I'm reluctant to order some changes in this, because I'm not sure it was fully presented as an issue.' With respect to the system of allowing emergency calls, the court found that it was 'just not a practical way of granting any privileges.' The court held that the collect call system was an improper exercise of discretion by the warden, and directed that the prison file a proposed plan revising telephone privileges.
 
 
 6
 An order was entered on January 17, 1985, formalizing the court's oral findings. The court ordered books replaced monthly, and that 'in the event of an unusual demand for the typewriters, temporary arrangements shall be made to allow the inmates to use other typewriters.' The court labeled the telephone call policy 'arbitrary and unjustified,' but did not order the system discontinued.
 
 
 7
 On January 28, the warden moved to alter the judgment or for a new trial pursuant to Rules 59(a), (e), and 60(b)(1), (6) on the ground that the telephone issue was not fairly raised since never raised in plaintiff's pleadings. On January 31, 1985, the court denied the motions noting only that '[t]he Court recalls that the government did supply a witness.' On February 19, 1985, the government moved to stay the judgment. On May 13, 1985, the court denied the stay. On April 3, 1985, the United States filed a notice of appeal providing as follows:
 
 
 8
 Notice is hereby given that T. R. Young, Warden, defendant above named, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the final judgment finding that the policy at FCI, Memphis concerning local telephone calls to be arbitrary and unjustified entered in this action on January 25, 1985, and subsequently reaffirmed by order overruling the defendants' Motion to Alter or Amend, or Vacate entered on February 5, 1985.
 
 
 9
 On May 10, 1985, the warden moved this court for an order staying execution of judgment pending appeal, and plaintiffs moved to dismiss the appeal and for appointment of counsel. On June 7, 1985, we denied the motions but appointed counsel. Appellant moved again for a stay pending appeal, and such was denied on July 10, 1985.
 
 II.
 
 10
 Warden Young's notice of appeal referred to the order of judgment and the order denying motion for a new trial, but specified only the issue of collect-call telephone service. We have recently held that '[g]enerally, a notice of appeal must 'designate the judgment order or other part thereof' from which the party appeals. Fed. R. App. P. 3(c). . . . If an appellant . . . chooses to designate specific determinations in his notice of appeal--rather than simply appealing the entire judgment--only the specified issues may be raised on appeal.' McLaurin v. Fischer, 768 F.2d 98, 101-02 (6th Cir. 1985). See C. A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125 (1981); Drayton v. Jiffee Chemical Corp., 591 F.2d 352, 361 n.10 (6th Cir. 1978); Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1254 (3d Cir. 1977).
 
 
 11
 In this case it is clear that the warden limited his notice of appeal to the collect-call system, and, accordingly, we so limit our review.
 
 III.
 
 12
 Under 28 U.S.C. Sec. 1291, the Court of Appeals has jurisdiction only from final decisions of the United States District Courts. A judgment is final for purposes of appeal when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined.
 
 
 13
 Donovan v. Hayden, Stone, Inc., 434 F.2d 619, 620 (6th Cir. 1970); Rudd Construction Equipment Co. v. The Home Insurance Co., 711 F.2d 54, 56 (6th Cir. 1983). In this case substantial issues remain regarding what type of telephone system FCI Memphis must provide in order to comply with the order of the district court and, apparently, the U.S. Constitution. Accordingly, there is no final order pursuant to 28 U.S.C. Sec. 1291.
 
 
 14
 Jurisdiction might be asserted pursuant to 28 U.S.C. Sec. 1292(a)(1) which provides:
 
 
 15
 (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
 
 
 16
 (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 17
 In analogous desegregation cases, we have held, however, that an order to develop a plan or remedy is not injunctive relief creating appealability under this section. In Reed v. Rhodes, 549 F.2d 1050, 1051 (6th Cir. 1976), we held that
 
 
 18
 [t]he restraints placed upon defendant by the district court's order are neither severe nor costly. The order does not compel defendants to perform any particular act, except to participate in the formulation of a remedial plan. The direction to assist in the development of a remedy is not by itself appealable.
 
 
 19
 The direction of the district court that FCI Memphis propose or develop a plan is not injunctive relief. The court did not order the government to pay for all calls or that the present system immediately be discontinued. Accordingly, this case involves an appeal of an order granting non-injunctive relief. See also Spates v. Manson, 619 F.2d 204 (2d Cir. 1980).
 
 
 20
 Accordingly, absent a statutory basis for our jurisdiction to hear an appeal in this case, we dismiss the appeal for lack of jurisdiction.[1]
 
 
 21
 Accordingly, the appeal is DISMISSED.
 
 
 
 [1]
 Our disposition of this case, of course, does not reflect our approval or disapproval of the district court's specifications regarding the content of the prison law library, the provision and repair of typewriters, the constitutionality of the collect-call telephone system, or the propriety of addressing an issue not raised in the pleadings