811 F.2d 607
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac L. SANDERS, Plaintiff-Appellant,
v.
The SINGER COMPANY, INC., d/b/a Earle C. Clements Job Corps
Center, Defendant-Appellee.
 No. 86-5766.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff filed this civil action as a result of his discharge from the defendant's employment. Besides claims of sexual discrimination and denial of due process under Title VII, 42 U.S.C. Sec. 2000e et seq., and Sections 1981 and 1983 of the Civil Rights Act, 42 U.S.C. Secs. 1981 and 1983, he also asserted pendent state law claims for wrongful discharge and breach of contract. Both parties moved for summary judgment.
 
 
 2
 In an order entered on June 5, 1986, the district court granted summary judgment to the defendant as to all federal claims and noted its inclination to dismiss the pendent state claims without prejudice. The court withheld a decision on the state claims, however, in order to give the parties 20 days in which to file briefs addressing the proper disposition thereof. Both parties filed the requested briefs. The plaintiff thereafter filed a notice of appeal seeking review of that portion of the June 5 order disposing of the federal claims.
 
 
 3
 A judgment is final for purposes of 28 U.S.C. Sec. 1291 "when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined." Donovan v. Hayden, Stone, Inc., 434 F.2d 619, 620 (6th Cir.1970). Absent certification for interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Federal Rules of Civil Procedure, an order disposing of fewer than all parties or claims is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978). Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973). The district court's order of June 5, 1986 was neither final nor certified for an interlocutory appeal. Therefore,
 
 
 4
 It is ORDERED that this appeal be and it hereby is dismissed for lack of appellate jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.