811 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ann HEADRICK, Plaintiff-Appellant,
v.
TOLEDO TRUST COMPANY, George W. Haigh, President, Laurie
Pangle, agent, Florence Lehman, Sargeant Harris,
(Toledo Police Department), Defendants- Appellees.
 No. 86-3772.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court on the appellees' (Toledo Trust Co., George W. Haigh, Laurie Pangle and Florence Lehman) motion to dismiss the appeal in the above styled case on the ground that the order from which the appellant attempts this appeal is not a final appealable order. The appellant has filed "an objection and response" to the motion.
 
 
 2
 A review of the district court docket sheet in Headrick v. Toledo Trust Company, et al., Case No. C-86-7440 reveals that on August 5, 1986, the district court ordered that Toledo Trust Company, George W. Haigh, Laurie Pangle and Florence Lehman be granted leave to file their answer. On August 13, 1986, the district court ordered that the appellant's motion for default judgment be held in abeyance for thirty (30) days. On August 14, 1986, the appellant filed her notice of appeal. In this document, the appellant attempts to appeal the district court's orders, granting the appellees leave to file their answer and the district court's refusal to enter an order of default judgment.
 
 
 3
 A decision is final and appealable giving this Court jurisdiction under 28 U.S.C. 1291, when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined. Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir.1970) (per curiam ). See also Catlin v. United States, 324 U.S. 229 (1945). By enactment of 28 U.S.C. 1291, Congress has expressed a policy against piecemeal appeals. Donovan v. Hayden, Stone, Inc., 434 F.2d at 620. Federal courts of appeal do not have jurisdiction of interlocutory orders under 28 U.S.C. section 1291. Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam ).
 
 
 4
 Rulings on pleadings are clearly interlocutory and are not appealable. United States v. 210 Acres of Land, More or Less in Woodbury County, Iowa, 451 F.2d 667 (8th Cir.), cert. denied, 405 U.S. 1026 (1971); Donovan v. Hayden, Stone, Inc., 434 F.2d at 620. Moreover, an order denying a motion for default judgment is not an appealable order. McNutt v. Cardox Corporation, 329 F.2d 107 (6th Cir.1964); see also Adult Film Association of America, Inc. v. Thetford, 776 F.2d 113 (5th Cir.1985). Neither has the district court in this case certified the order for an interlocutory appeal under 28 U.S.C. Section 1292(b) or Rule 54(b), Federal Rules of Civil Procedure.
 
 
 5
 Accordingly, it is ORDERED that the appellees' motion be granted and the appeal be and it is hereby dismissed for lack of jurisdiction.