831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re: David L. TAYLOR, Petitioner.
 No. 87-1480.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 1
 Before JONES, GUY and BOGGS; Circuit Judges.
 
 
 2
 The petitioner seeks a writ of prohibition prohibiting the district court from exercising further jurisdiction in his civil action pending therein. He asserts the district court either has never had jurisdiction over that action or no longer has jurisdiction thereover because of two notices of appeal filed by the petitioner.
 
 
 3
 A writ of prohibition "is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and indisputable...." In re Grand Jury Proceedings, Vargas, 723 F.2d 1461, 1468 (10th Cir.1983), cert. denied, 469 U.S. 819 (1984). We conclude the petitioner has not met that burden in this case.
 
 
 4
 The district court obtained jurisdiction over this case by virtue of a petition for removal from a state court. Two of the four defendants were dismissed from this action by means of an order filed on February 24, 1987. The petitioner filed a notice of appeal from that order on March 23, 1987, and the appeal was docketed herein as Case No. 87-1304. On April 1, 1987, the district court entered an order awarding attorney fees and costs to the two dismissed defendants. The petitioner filed a notice of appeal from that order on April 2, 1987, and the appeal was docketed in this Court as Case No. 87-1350. Judgment for the remaining two defendants was entered on April 20, 1987. Presently pending before this Court is a motion to dismiss the above appeals for lack of jurisdiction.
 
 
 5
 In the absense of certification for an interlocutory appeal under Rule 54(b), Federal Rules of Civil Procedure, or 28 U.S.C. Sec. 1292(b), an order disposing of fewer than all parties or claims in an action is not a final appealable order for purposes of 28 U.S.C. Sec. 1291. See William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978); Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir.1970). The district court's orders of February 24 and April 1, therefore, were nonappealable. Because a district court may ignore a notice of appeal from a plainly nonappealable order, the district court retained jurisdiction to proceed in the action below. Cochran v. Birkel, 651 F.2d 1219 (6th Cir.1981).
 
 
 6
 It therefore is ORDERED that the petition for a writ of prohibition is denied.