841 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary KNOP, John Ford, William Lovett, II, Ramando Valeroso,
Gus Jansson, Pat Sommerville, Vernard Cohen, Jon Spytma,
Robert Shipp, Butch Davis, Ron Mixon, Kerwin Cook,
Plaintiffs-Appellants Cross-Appellees,
v.
Perry M. JOHNSON, Robert Brown, Dale Foltz, John Jabe,
Theodore Koehler, John Prelesnik, Jack Bergman,
Defendants-Appellees Cross-Appellants.
 Nos. 88-1118, 88-1119.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1988.
 
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 Defendants-appellees move to stay the district court's order of August 10, 1987 which directed them to prepare a plan remedying certain constitutional deficiencies in the operation of the four Michigan prisons and enjoined them to provide inmates with constitutionally adequate winter clothing. Defendants claim that the portions of the order involving access to toilet and lavatory facilities at the Riverside Correctional Facility, access to state and federal courts, and race discrimination in the form of racial slurs involve significant expense and administrative burden to remedy and should be stayed pending appeal. Defendants do not seek to stay the portions of the order involving inmate access to legal mail and the injunction to provide adequate clothing. The plaintiffs-appellants oppose the motion.
 
 
 2
 The district court denied a stay pending appeal, correctly questioning the appealability of its order which, with the exception of the clothing directive, only requires defendants to prepare a plan. This court has consistently rejected attempts to review orders requiring the submission of remedial plans. Groseclose v. Dutton, 788 F.2d 356, 359 (6th Cir.1986) (per curiam). See Bradley v. Milliken, 468 F.2d 902 (6th Cir.), cert. denied, 409 U.S. 844 (1972), Reed v. Rhodes, 549 F.2d 1050 (6th Cir.1976).
 
 
 3
 Furthermore, while the requirement to provide inmates with adequate winter clothing is appealable as an injunction, we do not find that it might have a "serious, perhaps irreparable, consequence," and that it can be "effectively challenged" only by immediate appeal. Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); Bradley v. Milliken, 772 F.2d 266, 270-71 (6th Cir.1985). Accordingly,
 
 
 4
 It is ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction and the motion for a stay pending appeal is dismissed as moot.