842 F.2d 334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence WELLS, et al., Plaintiffs-Appellants,
v.
UNITED STATES STEEL and Carnegie Pension Fund, Inc.,
Defendant-Appellees.
 No. 88-5060.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1988.
 
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs appeal from the December 14, 1987 order entering summary judgment for the defendant on the issue of plaintiff's complaint in this ERISA action for declaratory judgment. The defendant now moves to dismiss this appeal on grounds that no judgment has been entered regarding the defendant's counterclaim seeking monetary judgment for alleged pension overpayments. The plaintiffs oppose the motion, asserting that all claims pertaining to three of the thirty-two plaintiffs have been adjudicated.
 
 
 2
 A judgment is final for purposes of 28 U.S.C. Sec. 1291 "when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except enforce by execution what has been determined." Donovan v. Hayden, Stone, Inc., 434 F.2d 619, 620 (6th Cir.1970) (per curiam). Absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Federal Rules of Civil Procedure, an order disposing of fewer than all the parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam). The district court's order of December 14, 1987 did not adjudicate the defendant's counterclaim. This order was neither final nor certified for interlocutory appeal. Therefore,
 
 
 3
 It is ORDERED that the motion to dismiss is granted.