843 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Nos. 88-1016, 88-1017.
 
 Rai Ann LUCAS, et al., Plaintiffs-Appellees,
v.
Otis BOWEN, Secretary of Health and Human Services,
Defendant-Appellant,
and
Agnes M. Mansour, Director, Michigan Department of Social
Services, Defendant,
and
Julie A. Dubbs, et al. Intervenors.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1988.
 Before KEITH, BOYCE F. MARTIN Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The defendants appeal from an order granting partial summary judgment for the plaintiffs in this action challenging the Secretary's regulation governing the correction of underpayments of benefits under the Aid to Families with Dependent Children ("AFDC") Program. The plaintiffs have moved to dismiss these appeals on grounds that there is no final judgment for purposes of 28 U.S.C. Sec. 1291. The Secretary now concedes that dismissal of his appeal in Case 88-1016 is proper. The Director has not responded to the motion.
 
 
 2
 The plaintiffs filed this action challenging the Secretary's regulation, 45 C.F.R. Sec. 233.20(a)(13)(ii), and the Director's implementation policy, Program Administrative Manual Item 405, both of which govern the correction of underpayments of AFDC benefits. The defendants filed counterclaims against plaintiffs Donna and Thomas King. In the October 29, 1987 order being appealed, the district court found the Secretary's regulation to be invalid and entered summary judgment for the plaintiffs. The order of October 29, 1987 explicitly noted that a motion for class certification can be filed with the district court "in the near future," and did not address the counterclaims pending before the court.
 
 
 3
 A judgment is final for purposes of 28 U.S.C. Sec. 1291 "when it terminates all issues presented in the litigation on the merits and leaves nothing to be done except to enforce by execution what has been determined." Donovan v. Hayden, Stone, Inc., 434 F.2d 619, 620 (6th Cir.1970) (per curiam). Absent certification for an interlocutory appeal under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Federal Rules of Civil Procedure, an order disposing of fewer than all the parties or claims in an action is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.1973) (per curiam). The district court's order of October 29, 1987 was neither final nor certified for interlocutory appeal. Therefore,
 
 
 4
 It is ORDERED that the motion to dismiss is granted.