856 F.2d 192
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl ANTROBUS, et al., Plaintiffs-Appellants,
v.
George BUDIG; Otto Budig, Jr., and Budig Western Trucking
Co., Defendants- Appellees,
Carl ANTROBUS, et al., Plaintiffs-Appellees,
v.
George BUDIG; Otto Budig, Jr.; Defendants-Appellants,
Budig Western Trucking Co., Defendant.
 Nos. 87-6247, 88-5090.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This labor action has given rise to two appeals presently before this Court. In Case No. 87-6247, the plaintiffs appeal an October 29, 1987, order granting summary judgment in favor of the two individual defendants. In Case No. 88-5090, the same individual defendants appeal a December 17, 1987, order denying their motion for sanctions under Rule 11, Federal Rules of Civil Procedure.
 
 
 2
 A review of the record shows that there are claims remaining in the action against the corporate defendant Budig Western Trucking Company. In the absence of proper certification for an interlocutory appeal under Rule 54(b), Federal Rules of Civil Procedure, or 28 U.S.C. Sec. 1292(b), an order disposing of fewer than all claims or parties in an action is nonappealable. See William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978); Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir.1970). Here, neither order being appealed is final for purposes of 28 U.S.C. Sec. 1291 or certified for an interlocutory appeal.
 
 
 3
 It therefore is ORDERED that these appeals are dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. If the trial court should certify the order(s) of October 29, 1987, and/or December 17, 1987, for interlocutory appeal pursuant to Rule 54(b), the parties may move to proceed on any resultant appeal(s) on the record and briefs prepared for the present appeals. See Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220, 1221 (6th Cir.1973).