863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sarah Sims GARRETT, et al., Plaintiffs-Appellees,
City of Hamtramck, a municipal corporation, et al.,
Defendants-Appellees
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
Defendant-Appellant
 No. 84-1432.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1988.
 
 Before MERRITT and WELLFORD, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 On April 2, 1986, the Court entered the attached order, incorporated herein by reference, holding that this Court has appellate jurisdiction, and instructing this Court's Conference Attorney, upon the consent of the parties, to explore settlement. Settlement negotiations have now been underway for two and one-half years. Because no settlement has occurred during this period, the Court has now withdrawn the matter from the Conference Attorney's office.
 
 
 2
 The Court concludes that the injunctive order of specific performance of the alleged oral agreement should be vacated and the case remanded to the District Court for further proceedings in accordance with this order.
 
 
 3
 After an evidentiary hearing, the District Court simply ruled from the bench as follows, without making detailed findings of fact or conclusions of law, see Rule 52(a), Fed.R.Civ.P. ("Court shall find the facts specially and state separately its conclusions of law thereon ... in granting or refusing interlocutory injunctions") on the issue of the existence of an oral contract, and without deciding the several preliminary issues enumerated in the attached order:
 
 
 4
 HUD has, for reasons unknown to the Court, reneged in its commitment, indeed its obligation, to provide 200 section 8 housing units for the city of Hamtramck. The Court so orders that the Department of HUD forthwith furnish and get into operation whatever procedures are necessary to furnish 200 units of Section 8 housing for the City of Hamtramck.
 
 
 5
 Transcript of March 27, 1984 Hearing at 296.
 
 
 6
 The District Court decided the merits of the case without reaching the following issues: (1) whether proper jurisdiction over this breach of contract case is vested in the Court of Claims by the Tucker Act; (2) whether it could enforce such an oral agreement in light of 31 U.S.C. Sec. 1501;[1] (3) whether the court had the authority to order HUD to fund the units in face of Congress' failure to appropriate funds for the Section 8 program; (4) whether Congress has repealed the Section 8 program and whether such repeal or failure to fund the program renders the dispute arising from plaintiffs' request for specific performance of the oral agreement moot; and (5) whether the governmental agent in question had legal authority to make the alleged oral agreement.
 
 
 7
 Before the District Court reached the merits concerning the existence and enforceability of the alleged oral agreement, the Court should have decided the legal issues stated above. The injunctive order of the District Court is therefore reversed and the judgment vacated. The case is remanded with instructions to decide the issues in the order stated above prior to reaching the question of the existence of an enforceable oral agreement. If the Court should conclude that the oral agreement is not enforceable by the District Court in this action as it reaches these issues seriatim, it need not reach the issues which come afterward. In deciding all issues, the Court should comply with Rule 52(a), Fed.R.Civ.P.
 
 
 8
 Accordingly, it is so ordered.
 
 ATTACHMENT
 ORDER
 
 9
 April 2, 1986.
 
 
 10
 The United States Department of Housing and Urban Development appeals an interlocutory order of the district court that it "furnish forthwith to the defendant City of Hamtramck 200 units of subsidized new construction section 8 family housing," in performance of an oral contract which the district court found the City of Hamtramck and HUD formed in response to the court's earlier decision that the City and HUD were guilty of racial discrimination in administering urban renewal and housing programs in the city. HUD contends (1) that the district court was clearly erroneous in finding that the agency or its officials entered into such an agreement, (2) that any such agreement is void because the official who allegedly entered into the agreement did not have the authority to make such an agreement, (3) that the statements of the HUD employee on which the city claims to have relied may not be used to raise an estoppel against the government, (4) that the oral contract found by the district court violates 31 U.S.C. Sec. 1501, requiring contracts and governmental obligations to be in writing, (5) that the enforcement of the alleged oral contract violates 31 U.S.C. Sec. 1501, requiring contracts and governmental obligations to be in writing, (6) that the district court and this court lack jurisdiction to adjudicate the claims to the extent they arise from contract because jurisdiction resides in the Court of Claims under the Tucker Act, 28 U.S.C. Sec. 1491, and (7) that Congress, prior to the district court's decision, repealed the section 8 housing program which moots the case because no funds have been appropriated or are available to finance the project.
 
 
 11
 As a preliminary matter, the City contends that the order is not appealable under 28 U.S.C. Sec. 1292(a)(1).
 
 
 12
 The present appeal in a long standing dispute arises out of an earlier decision of the district court finding that the City of Hamtramck and HUD had engaged in racial discrimination in violation of equal protection principles in administering urban renewal and housing programs in the City of Hamtramck. HUD's liability was limited to findings that it failed in administering its funding programs to prevent the city from causing the removal of a small number of homes occupied by minorities. See Garrett v. City of Hamtramck, 355 F.Supp. 16 (E.D.Mich.1971), 357 F.Supp. 925 (E.D.Mich.1973), aff'd in part and rev'd in part, 503 F.2d 1236 (6th Cir.1974). In order to remedy all of these violations the city undertook to develop 200 units of subsidized housing. The city entered into a settlement agreement to this effect. HUD did not join in the agreement, which contained the following language: "All provisions of this partial consent judgment which rely upon HUD loans, grants, or subsidies for implementation are conditioned upon HUD review and approval of the eligibility and availability of such loans, grants or subsidies."
 
 
 13
 Steven W. Brown, the HUD area manager in Detroit, encouraged the city and the plaintiffs to accept and credit 150 units of senior citizen public housing provided by HUD in partial discharge of its liability. In addition, Brown indicated he would attempt to obtain a reservation by HUD of funds for 200 units of subsidized family housing under section 8.
 
 
 14
 The district court resolved disputed testimony against HUD finding a binding oral agreement by Brown to furnish the 200 units under section 8 without analysis of his authority. This program had already been terminated by HUD.
 
 
 15
 This court does have appellate jurisdiction under Sec. 1291. See Oliver v. Kalamazoo Board of Education, 640 F.2d 782 (6th Cir.1980) (orders requiring State Board of Education to pay accrued salaries of court appointed experts appealable as injunctive orders); Reed v. Cleveland Board of Education, 581 F.2d 570 (6th Cir.1978) (order in school desegregation for reorganization of existing departments of school system appealable); Reed v. Rhodes, 549 F.2d 1050 (6th Cir.1976) (order in school desegregation case directing defendant not to proceed with construction of building appealable).
 
 
 16
 After a preliminary study of the case and oral argument on March 6, 1986, we recognized the magnitude and complexity of the problems in this case as presented by HUD counsel with respect to HUD financing of 200 additional units of public housing in Hamtramck under a federal program no longer in being.
 
 
 17
 Since the case is now more than 17 years old, the court believes that the parties may find it helpful to enter into settlement discussion under the auspices of this court's Conference Attorney, who may explore with counsel for the parties the possibility of successful settlement negotiations. The court does not believe that such discussion should be undertaken if any of the parties object or indicate firm feelings that such discussion could not be fruitful. On the other hand, if the parties believe and indicate that such discussion might prove fruitful and if they would be willing to attempt to resolve this lengthy litigation by settlement or compromise the court believes that such settlement negotiations under the guidance of the Conference Attorney should be undertaken. These conference and settlement discussions under Rule 18, Local Rules, Sixth Circuit Court of Appeals (see attached Rule) are entirely confidential. The Conference Attorney will report to the panel only whether or not the case has been settled.
 
 
 18
 The Conference Attorney will promptly contact counsel for the parties. The court will delay rendering a final opinion in the case until the parties indicate their positions with respect to the prospects of settlement negotiations.
 
 
 19
 Accordingly, it is so ORDERED.
 
 
 20
 WELLFORD, Circuit Judge, concurring.
 
 
 21
 I concur with the majority order and emphasize only that a number of issues in the case have apparently not been considered or covered by the district court in its oral decision. In the event there were a remand of this case, among other things, the parties would need to present further proof relative to the propriety of the very extensive relief ordered against HUD in view of the statement of plaintiffs' counsel at oral argument that he believed that approximately seventeen minority families only had been displaced by the urban renewal work as to which liability against the federal defendant has been determined.
 
 ENTERED BY ORDER OF THE COURT
 
 
 [1]
 31 U.S.C. Sec. 1501(a) provides in pertinent part:
 An amount shall be recorded as an obligation of the United States Government only when supported by documentary evidence of
 (1) a binding agreement between an agency and another person (including an agency) that is--
 (A) in writing in a way and form, and for a purpose authorized by law; and
 (B) executed before the end of the period of availability for obligation of the appropriation or fund used for the specific ... work to be provided....