871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George J. PLATSIS, Individually and on behalf of his
professional corporation and George James Platsis,
P.C., a Michigan Corporation, Plaintiff-Appellant,
v.
E.F. HUTTON & COMPANY, INC. and Joseph Potvin, jointly and
severally, Defendants-Appellees.
 No. 88-2122.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals the orders dismissing one count of the plaintiff's complaint and awarding Fed.R.Civ.P. 11 sanctions in this civil diversity action involving corporate bond fraud. The defendants now move to dismiss the appeal on the grounds that the order was not final because it did not dispose of all the claims and that the award of sanctions against a party is not final under 28 U.S.C. Sec. 1291. The plaintiff has not responded to the defendants' motion.
 
 
 2
 The plaintiff's third amended complaint included nine (9) causes of action. The district court dismissed Counts III and V--VIII in earlier orders. On June 20, 1988, the district court dismissed Count IX of plaintiff's complaint on the grounds of res judicata, collateral estoppel and the statute of limitations and awarded Rule 11 sanctions against the plaintiff. On September 28, 1988, the district court denied plaintiff's motion to set aside its ruling of June 20, 1988 and ordered the plaintiff to pay the defendants $818.65. The plaintiff appealed from this order. Counts I, II and IV are still pending before the district court and trial has been set for September 19, 1989.
 
 
 3
 This Court lacks jurisdiction in the instant appeal. In the absence of certification for an interlocutory appeal under Fed.R.Civ.P. 54(b) or 28 U.S.C. Sec. 1292(b), an order disposing of fewer than all parties or claims in an action is not a final appealable order for purposes of 28 U.S.C. Sec. 1291. See William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978); Donovan v. Hayden Stone, Inc., 434 F.2d 619 (6th Cir.1970). Here, the order being appealed is not final for purposes of Sec. 1291 and it is not certified for an interlocutory appeal. The award of Rule 11 sanctions against a party is not final under Sec. 1291. See Click v. Abilene National Bank, 822 F.2d 544, 545 (5th Cir.1987); Coleman v. Sherwood Medical Industries, 746 F.2d 445, 446-47 (8th Cir.1984); Kordich v. Marine Clerks Association, 715 F.2d 1392, 1393 (9th Cir.1983). On the question of ultimate harm to the plaintiff as a result of the order concerning sanctions, we note that the Ninth Circuit has dealt with this problem in the following way:
 
 
 4
 Dismissal of this interlocutory appeal will not cause appellant any harm. The sanctions in this case ... against appellant ... may be merged into or modified by the final judgment. Should any attempt be made to enforce the award, the district court could be requested to stay enforcement and further review might be available in this court should such a request be denied--by petition for a writ of supervisory mandamus if not by appeal. We need not decide, which, if either, of these remedies might be available in such circumstances. Kordich, 715 F.2d at 1393 n. 2.
 
 
 5
 The orders are fully reviewable on appeal after final judgment is entered. Id. at 1393. The notice of appeal filed by plaintiff was premature. Therefore,
 
 
 6
 It is ORDERED that the motion to dismiss is granted.