926 F.2d 757
 Season SEDLOCK, a minor by her next friend, Brenda K.
SEDLOCK and Frank Sedlock, Appellees,
v.
BIC CORPORATION, Appellant.
WAL-MART STORES, INC., and Andover Togs, Inc.,
v.
WESTPOINT PEPPERELL, INC., d/b/a Alamac Knitted Fabrics.
 No. 90-1323.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 10, 1990.
Decided Feb. 26, 1991.
 
 Michael S. Ryan, St. Paul, Minn., for appellant.
 John R. Overchuck, Orlando, Fla., for appellees.
 Before ARNOLD and FAGG, Circuit Judges, and McMILLAN,* Senior District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Season Sedlock brought this product liability action against Bic Corporation claiming a defective Bic cigarette lighter burned her. During the discovery process, Bic refused to produce certain documents and answer certain interrogatories, asserting the discovery sought trade secrets. The district court ordered Bic to produce some of the discovery, but issued an order protecting dissemination of trade secrets at Bic's request. Contrary to Bic's proposal, however, the protective order allows counsel for plaintiffs in similar product liability suits against Bic access to the discovery if notice and hearing are afforded to Bic. Bic appeals the district court's discovery order. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Although the discovery order is not a final decision appealable under 28 U.S.C. Sec. 1291 (1988), Bic asserts we have jurisdiction to review its appeal under the collateral order exception to the final judgment rule, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under Cohen, a collateral order is directly reviewable as a final order if it " 'conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment.' " Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978)). Assuming without deciding the first two requirements are satisfied, we conclude the discovery order is effectively reviewable on appeal from final judgment, thus, Cohen does not permit us to review the discovery order now.
 
 
 3
 Generally, pretrial discovery orders are not immediately appealable because they can be effectively reviewed after final judgment. Coleman v. Sherwood Medical Indus., 746 F.2d 445, 446 (8th Cir.1984). Rather, an aggrieved party may defy the order, suffer a contempt citation, and challenge the order on direct appeal of the contempt ruling to obtain immediate review. Risjord, 449 U.S. at 377, 101 S.Ct. at 675. An order is " 'effectively unreviewable on appeal from final judgment' " if it "implicates rights [that] could be lost or irreparably harmed if immediate review were denied." Coleman, 746 F.2d at 446 (quoting Risjord, 449 U.S. at 376, 101 S.Ct. at 674).
 
 
 4
 Bic asserts its rights will be irreparably harmed by the discovery order because the trade secrets will become public knowledge after other plaintiffs' attorneys obtain them. We disagree. The discovery materials Bic designates as trade secrets must be treated confidentially. Dissemination of the discovery is limited to other attorneys and their experts in similar cases against Bic. Other attorneys who seek the discovery must agree to be bound by the protective order's terms before access to the discovery is permitted. Thus, none of the protected discovery will become public knowledge under the terms of this order.
 
 
 5
 Because the discovery order is not a final decision and Cohen does not apply, we dismiss Bic's appeal for lack of jurisdiction.
 
 
 
 *
 The HONORABLE JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation