# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2068
_____

Data Axle, Inc., Delaware corporation

*Plaintiff - Appellee*

v.

Andrew Nolting

*Defendant - Appellant*

CFM Data Network, LLC, a Minnesota limited liability company, doing business as DataSourceOne.com; Douglas Ferrara; John Does, real names unknown and representing the individual Owners, Officers, Directors, and Members of CFM Data Network, LLC d/b/a DataSourceOne.com; Jane Does, real names unknown and representing the individual Owners, Officers, Directors, and Members of CFM Data Network, LLC d/b/a DataSourceOne.com

*Defendant*s
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: March 19, 2026
Filed: June 1, 2026
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

The issue before us is whether Andrew Nolting may immediately appeal from an order holding him in civil contempt and imposing sanctions. We conclude that he cannot and dismiss for lack of appellate jurisdiction.

Data Axle, Inc. sued CFM Data Network, LLC d/b/a DataSourceOne.com (DSO) and its owner Andrew Nolting for violations of the Copyright Act and the Computer Fraud and Abuse Act, and for related state-law claims. Data Axle alleged that DSO and Nolting unlawfully accessed, copied, and licensed Data Axle's proprietary business databases. When DSO did not answer, the district court[1] entered default judgment against it, awarded Data Axle monetary damages, and enjoined DSO and its officers from wrongfully using the copyrighted databases. The court also ordered DSO to produce an accounting of records and destroy any copies of Data Axle's data. Nolting filed a timely answer to the complaint, so the case is proceeding against him, though it has been stayed pending this appeal.

Data Axle learned after default judgment that DSO no longer existed when the judgment was entered[2] and that Nolting was selling databases on a new website. It suspected Nolting was still selling its copyrighted data and moved for an order to show cause why Nolting and DSO should not be held in contempt. After an evidentiary hearing, the district court[3] found that Data Axle had not shown that Nolting was selling Data Axle's copyrighted information on the new website by clear and convincing evidence, but DSO had undisputedly failed to pay the money judgment, provide the accounting of records, or make any attempt to destroy the

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[2]The Minnesota Secretary of State administratively terminated DSO for failure to file its annual renewal.

[3]The Honorable Laura M. Provinzino, United States District Judge for the District of Minnesota.

copyrighted material it possessed. Although Nolting was not subject to the default judgment and had not been personally ordered to pay that judgment or comply with those orders, the court held that he nonetheless could—and would—be held in civil contempt alongside DSO as the company's sole owner and shareholder. The contempt order required the parties to provide a joint status report explaining whether DSO and Nolting satisfied the judgment and complied with the previous orders or, if they could not, provide briefing explaining why. Absent any further order, Nolting was ordered to pay $1,000 per day to the Clerk of Court, starting in 30 days, until compliance. Nolting then filed this appeal, asserting jurisdiction under 28 U.S.C. § 1291, or alternatively, under the collateral order doctrine.

Nolting argues that the district court's contempt order is a "final decision" under § 1291 because it decisively "establishe[d] [his] personal liability for the judgment entered against DSO," leaving "nothing more to litigate about at this point." But an order is only a final decision if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999) (citation omitted); *see Dean v. County of Gage*, 807 F.3d 931, 937 (8th Cir. 2015) ("[O]nly orders that dispose of all claims are final and appealable."). The district court has more to do; in fact, it hasn't had the opportunity to adjudicate Nolting's liability on any claim made directly against him. Nolting "is a party to a still pending action," and so "must await a final judgment" to appeal the court's order. *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 792 (8th Cir. 2004).

The collateral order doctrine, which permits immediate appeal of a "small category" of interlocutory orders, is not an alternative basis for our jurisdiction. *See Cunningham*, 527 U.S. at 204. "To be reviewable under this doctrine, an order must meet three requirements: (1) it must conclusively determine the disputed question; (2) it must resolve an important question completely separate from the merits of the action; and (3) it must be effectively unreviewable on appeal from a final judgment." *In re M & S Grading, Inc.*, 526 F.3d 363, 370 (8th Cir. 2008).

-3-

The contempt order did not "conclusively determine" anything. *Id.* It "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The district court has even indicated, in its order denying Nolting's motion to stay imposition of sanctions pending appeal, that it would have amended the order to remove contempt sanctions for failure to pay the money judgment if it were not for this premature appeal. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (after a notice of appeal has been filed, a district court "may not reexamine or supplement the order being appealed").[4]

Nor is the order effectively unreviewable. Mere economic loss does not usually "implicate rights which could be lost or irreparably harmed if immediate review were denied." *Coleman v. Sherwood Med. Indus.*, 746 F.2d 445, 446 (8th Cir. 1984); *see Beber v. NavSav Holdings, LLC*, 140 F.4th 453, 461 (8th Cir. 2025) ("Economic loss, on its own, is not an irreparable harm so long as the losses can be recovered." (cleaned up)). And Nolting has not shown that the $1,000-per-day fine will be irretrievable should he ultimately prevail in a timely appeal. *See Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025) (per curiam) (loss of money can become an irreparable harm "if the funds 'cannot be recouped' and are thus 'irrevocably expended'" (quoting *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (Scalia, J., in chambers))).

We dismiss the appeal.

_____

---

[4]We take judicial notice of the district court's order. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).