RUDD CONSTRUCTION EQUIPMENT COMPANY, INC., Plaintiff-Appellant Cross-Appellee,

v.

The HOME INSURANCE COMPANY, Defendant-Appellee Cross-Appellant.

Nos. 82–5609, 82–5632.

United States Court of Appeals,
Sixth Circuit.

Submitted to Motion Panel March 28, 1983 Pursuant to Rule 9(d) Sixth Circuit Rules.

Decided June 27, 1983.

Ann B. Oldfather [lead], Wyatt, Tarrant & Combs, Louisville, Ky., for plaintiff-appellant cross-appellee.

David A. Harris, Ogden, Robertson & Marshall, Thurman L. Sisney [lead], Barnett & Alagia, M. Trautwein, Louisville, Ky., for defendant-appellee cross-appellant.

Before KENNEDY, MARTIN, and JONES, Circuit Judges.

PER CURIAM.

Plaintiff Rudd Construction seeks dismissal of defendant Home Insurance Company's cross-appeal on grounds which would also require dismissal of Rudd's own appeal. Rudd's appeal and Home's cross-appeal are predicated on district court orders issued May 24, 1982 and August 30, 1982. According to Rudd, the district court improperly certified as final and appealable under Rule 54(b), Fed.R.Civ.P., the order of partial summary judgment entered May 24, 1982 and reaffirmed August 30, 1982. If Rudd's contention is correct, this court lacks jurisdiction to entertain either of the appeals pending in this case.

Rudd initiated this suit in state court against defendant Home and eight other insurance companies. The complaint sought to recover insurance proceeds for equipment which was damaged in the course of repossession from a third party. The case was removed to district court by virtue of diversity of citizenship.

On April 16, 1981, the district court dismissed the eight insurance defendants other than Home Insurance. No appeal was taken from that order of dismissal.

On October 1, 1981, Home Insurance moved for summary judgment. It argued that the contractual period of limitations had run, that Rudd had breached the insurance contract, that some of the equipment was not covered by the policy, and that it was entitled to a proration of any liability with the eight dismissed defendants. On May 24, 1982, the district court granted defendant's motion on the issue of proration of liability, but denied it as to all other issues. In so doing, the district court certified, pursuant to Rule 54(b), that its order granting partial summary judgment was a final, appealable order, and that there was no just reason for delay.

On August 30, 1982, the district court denied Rudd's motion to alter or amend the partial summary judgment. Rudd brought the present appeal and Home Insurance cross-appealed.

■ Our review of the record in this case persuades us that Rudd's challenge to certification of the May 24, 1982 order has merit. Our conclusion is based upon the application of two legal principles.

First, an order or judgment is certifiable under Rule 54(b)[1] only if it disposes of at least one claim with the degree of finality required to satisfy the appealability standards of 28 U.S.C. § 1291. *Acha v. Beame,* 570 F.2d 57 (2d Cir.1978). In other words, the order must terminate all issues presented in at least one claim so that nothing remains except enforcement by execution of the judgment. *See Donovan v. Hayden, Stone, Inc.,* 434 F.2d 619, 620 (6th Cir.1970); *National Corn Growers Assn., Inc. v. Bergland,* 611 F.2d 730, 732 (8th Cir.1980). *See also* Moore's Federal Practice ¶ 54–30(1).

 A partial summary judgment which resolves one aspect of the question of liability but leaves the issue of damages in dispute is neither "final" within the meaning of 28 U.S.C. § 1291 nor certifiable under Rule 54(b). *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976); *Acha v. Beame,* 570 F.2d at 62. The present case appears to fall within the rule of *Liberty Mutual.* The district court's order of May 24, 1982 did not establish either the fact or the amount of Home Insurance Company's liability to Rudd; it merely determined that any liability which might be imposed after trial on the merits would be prorated among the insurers. Under these circumstances, the conclusion that the district court erred in certifying the partial judgment is inescapable.

Second, even if the order were properly certifiable under Rule 54(b), this case does not qualify as the "infrequent harsh case" which justifies a Rule 54(b) certification. *See Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980). Nothing in the record before us remotely suggests that any party

would suffer hardship if the right to appeal were deferred pending resolution of the entire controversy on the merits. *See Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183–185 (2d Cir.1978).

Accordingly, the motion to dismiss is granted and the appeal and cross-appeal are dismissed.

---

1. Rule 54(b) provides:

   **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment, in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.