779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAX W. BATTERSON; DONALD SUMAN; RONALD S. SHOWALTER; AND
RICHARD BENISH, Plaintiffs-Appellants,
v.
EX-CELL-O CORP.; LOCAL UNION 213 OF THE INTERNATIONAL UNION
ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL-CIO; THE
INTERNATIONAL UNION ALLIED INDUSTRIAL WORKERS OF AMERICA,
AFL-CIO; COMERICA BANK-DETROIT (FORMERLY DETROIT BANK AND)
TRUST COMPANY), A MICHIGAN BANKING CORPORATION; SUN LIFE
ASSURANCE OF CANADA, A FOREIGN CORP.; BLUE CROSS BLUE SHIELD
OF M CHIGAN; CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
Defendants-Appellees.
 85-1508
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 APPEAL DISMISSED
 W.D.Mich.
 ORDER
 BEFORE: ENGEL, KEITH and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of appellee's motion to dismiss for lack of jurisdiction and the appellant's response thereto.
 
 
 2
 The record shows that on May 20, 1985, the district court dismissed Count I of plaintiffs-appellant's four-count complaint and directed plaintiffs-appellants to respond to defendant-appellee's motion to dismiss or for summary judgment with respect to the remaining counts. The briefs were filed and the remaining issues are pending resolution in the district court. On June 19, 1985, plaintiffs-appellants' filed their notice of appeal from the order dismissing Count I of their complaint.
 
 
 3
 It is clear that the May 20, 1985 order disposed of fewer than all of the claims involved in this action. The district court did not expressly direct that judgment be entered on that order nor did it expressly determine that there was no just reason for delay pursuant to Rule 54(b), Federal Rules of Civil Procedure. Therefore, there is no final, appealable order, which is required to give this Court jurisdiction under 28 U.S.C. Sec. 1291; and without the district court's certification there is no jurisdiction for this Court to hear an interlocutory appeal under 28 U.S.C. Sec. 1292(b). Rudd Construction Equip. Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir. 1983); McIntyre v. First National Bank of Cincinnati, 585 F.2d 190 (6th Cir. 1978); Moody v. Kapica, 548 F.2d at 133 (6th Cir. 1976); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir. 1973). Plaintiffs-appellants are requesting that they be allowed to seek belated Rule 54(b) certification from the district court. It is well settled in this circuit that a belated Rule 54(b) certification will not cure this Court's lack of jurisdiction over the appeal in this case. Oak Construction Co. v. Huron Cement Co., supra.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed.