780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LORAN W. ROBBINS, ET AL., Plaintiffs-Appellees,
v.
CESA CARTAGE, INC., Defendant-Appellant.
 85-3545
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 
 APPEAL DISMISSED
 N.D.Ohio
 ORDER
 BEFORE: MARTIN, JONES and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of appellee's motion to dismiss for lack of jurisdiction which was filed on July 17, 1985. The appellant has filed no response.
 
 
 2
 The record shows that by consent of the parties, this case was referred to the Magistrate on March 29, 1983, for all further proceedings and for the entry of judgment. The parties also agreed that appeal would be to this Court. On June 11, 1985, the Magistrate denied defendant-appellant's motion to dismiss and motion to strike and granted plaintiffs-appellees' motion for summary judgment. The plaintiffs were then ordered to file a brief or memorandum itemizing the amount of damages by June 24, 1985; and defendant was directed to file any brief in opposition no later than July 1, 1985. On July 3, 1985, defendant filed a notice of appeal from the Magistrate's order.
 
 
 3
 The Magistrate's Order constitutes partial summary judgment on the issue of liability alone. Where a judgment resolves the issue of liability but the issue of damages remains in dispute, said judgment is neither final within the meaning of 28 U.S.C. Sec. 1291 nor certifiable under Rule 54(b), Federal Rules of Civil Procedure. Rudd Construction Equip. Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir. 1983); Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737 (1976). Further, Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment solely on the issue of liability is 'interlocutory in character'. There have been no steps taken by appellant to perfect an interlocutory appeal as required by 28 U.S.C. Sec. 1292(b). Therefore, this Court lacks jurisdiction to hear this appeal.
 
 
 4
 Accordingly, it is ORDERED that the motion to dismiss is granted and the appeal is hereby dismissed.