810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David KERSH, Plaintiff-Appellant,
v.
PAPERFOLD BINDARIES, INC., Raymond Friend, Webb Graphics,
Inc., Hartford Bindary, Peck Bindary, Norman
Andrews, Wanzie Collins, Ron Williams,
Defendants-Appellees,
Flint Ink Corporation, and H.B. Fuller Co., Defendants.
 No. 86-1600.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 Before KEITH, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to this panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that an order was filed April 22, 1986, dismissing defendants Web Graphics, Collins and Williams. Paperfold Bindaries, Friend, Hartford Bindary, Peck Bindary and Andrews were dismissed by orders filed April 24, 1986. Defendants Flint Ink and H.B. Fuller Co. remained in the action. A motion for rehearing as to one of the April 24 orders was filed on May 16, 1986, and denied by order filed June 9. On July 2, 1986, Kersh appealed from the orders filed April 22, 1986, and April 24, 1986.
 
 
 3
 The April 22, 1986, and April 24, 1986, orders were not final judgments since they disposed of fewer than all the parties involved in the action. The district court did not expressly determine that there is no just reason for delay and did not direct entry of a final judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure. Therefore, the orders were not final and appealable. Rudd Construction Equip. Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir.1983). The final decision has not been entered during the pendency of this appeal, therefore, the Court lacks jurisdiction. Gillis v. Dep't of Health & Human Services, 759 F.2d 565 (6th Cir.1985).
 
 
 4
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.