856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YOJNA, INC., a Michigan Corporation, Plaintiff-Appellee,
v.
AMERICAN MEDICAL DATA SYSTEMS, INC., a Tennessee
Corporation, Defendant, Third- Party Appellant;
Methodist Health Systems, Inc., Third-Party Defendant-Appellee.
 No. 87-1455.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1988.
 
 Before ENGEL, Chief Circuit Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, Jr., District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant American Medical Data Systems, Inc. ("AMDS"), a Tennessee corporation, appeals the April 14, 1987, judgment of the district court certified as final pursuant to Fed.R.Civ.P. 54(b) granting partial judgment in favor of plaintiff-appellee Yojna, Inc. ("Yojna"), a Michigan corporation. By order of the district court entered on February 2, 1987, and not raised in this appeal, the third-party action of AMDS against Methodist Health Systems, Inc. has been stayed. Because we find the district court improperly certified its judgment under Fed.R.Civ.P. 54(b), we dismiss this appeal for lack of jurisdiction.
 
 I.
 
 2
 Yojna is a computer services consulting company that at one time was employed by AMDS, a company organized to provide microcomputer compatibility and application software programs for small- and medium-sized hospitals. Together, Yojna and AMDS developed a software program named PROTEUS for use by smaller hospitals in the health care industry. The program is generic and works so as to link information storage capabilities of microcomputers in a single system, removing the necessity of a remote main-frame computer.
 
 
 3
 In 1985, Yojna and AMDS had a falling out, essentially regarding the ownership and licensing rights to the PROTEUS software. On June 2, 1986, Yojna filed a complaint against AMDS, raising, inter alia, ownership of the software program and a contract claim for $356,662.41, which Yojna claimed it was owed pursuant to its services agreement with AMDS.
 
 
 4
 A bench trial commenced on a portion of Yojna's complaint on March 23, 1987, and on April 13, 1987, the district court found that with respect to Yojna's $356,662.41 contract claim, AMDS disputed its liability only as to $122,000.00 of that amount. Accordingly, on April 14, 1987, the district court entered what it designated a "partial final judgment" against AMDS in the amount of $234,662.41. The court certified this judgment as final pursuant to Fed.R.Civ.P. 54(b), finding "no just reason for delay." J.A. at 109. AMDS filed its notice of appeal from the April 14, 1987, partial final judgment on April 24, 1987; however, the bench trial concluded on April 22, 1987.
 
 II.
 
 5
 The sole issue presented in this appeal is whether the district court properly granted certification under Rule 54(b), which allows a district court in a multiple-claim dispute to direct entry of a final judgment provided the court completely disposes of an individual claim. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980).
 
 
 6
 Rule 54(b) may not be used unless "[a] district court ... first determine[s] that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " Curtiss-Wright, 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Finality is generally controlled by 28 U.S.C. section 1291, and "a district court cannot treat as 'final' that which is not 'final' within the meaning of section 1291." Mackey, 351 U.S. at 437 (emphasis in original). A judgment is final within the meaning of section 1291 where it "leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229 (1945), quoted in, Van Cauwenberghe v. Biard, 108 S.Ct. 1945, 1948 (1988).
 
 
 7
 In Rudd Constr. Equip. Co. v. Home Ins. Co., 711 F.2d 54 (6th Cir.1983), this court recognized that before certification may be granted "[the judgment sought to be certified] must terminate all issues presented in at least one claim so that nothing remains except enforcement by execution of the judgment." Id. at 56 (citing Donovan v. Hayden Stone, Inc., 434 F.2d 619, 620 (6th Cir.1970)). "[A]n order or judgment is certifiable under Rule 54(b) only if it disposes of at least one claim with the degree of finality required to satisfy the appealability standards of 28 U.S.C. section 1291." Rudd Constr., 711 F.2d at 56 (footnote omitted).
 
 
 8
 In the present case, the district court's April 14, 1987, partial final judgment does not ultimately dispose of an isolated claim in a multiple-claim dispute. Curtiss-Wright, supra. The judgment left outstanding approximately $122,000.00 on Yojna's breach of contract claim. Thus, the contract claim was not resolved with the degree of finality necessary to utilize Rule 54(b).
 
 
 9
 Moreover, even had the court finally disposed of Yojna's contract claim, the court's failure "to do more than just recite the 54(b) formula of 'no just reason for delay' " renders "any deference due the district court's Rule 54(b) order ... nullified...." Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 61-62 (6th Cir.1986); see also Knafel v. Pepsi Cola Bottlers of Akron, Inc., No. 87-3654, --- F.2d ---- (6th Cir. July 7, 1988); Corrisioneering, Inc. v. Thyssen Envtl. Sys., 807 F.2d 1279 (6th Cir.1986); Coalition for Equitable Minority Participation in Architectural Contracts in Tennessee v. Metropolitan Gov't of Nashville & Davidson County, Tennessee, 786 F.2d 227, 230 (6th Cir.1986). In Solomon, we held that the district court should "make a brief reasoned statement in support of its [certification]...." Solomon, 782 F.2d at 61. Here, the court in its order merely restated the language of the Rule and did not articulate any rationale warranting certification.
 
 III.
 
 10
 Accordingly, for the reasons stated, we hold that the district court's purported certification of its April 14, 1987, order is a nullity and therefore dismiss this appeal for lack of jurisdiction.
 
 
 
 *
 Honorable David D. Dowd, Jr., Judge, United States District Court for the Northern District of Ohio, sitting by designation