895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
P.T. GILLETTE, Jr., a Minor, By and Through his parents Paul
and Susan GILLETTE, Plaintiff-Appellee,
v.
FAIRLAND BOARD OF EDUCATION, Defendant-Appellant.
 No. 89-4140.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1990.
 
 1
 Before: KEITH and KRUPANSKY, Circuit Judges and ANNA DIGGS TAYLOR, District Judge*.
 
 ORDER
 
 2
 Defendant, Fairland Board of Education ("the Board"), appeals an order of the district court finding the Board failed to offer the plaintiff a free appropriate education and must reimburse him for the expenses of a private school education. Plaintiff moves to dismiss the appeal as untimely.
 
 
 3
 The district court entered its order on November 17, 1989. The Board filed its notice of appeal 31 days later on December 18, 1989. The plaintiff asserts the notice of appeal was untimely because it was not filed within the 30-day time limit provided under Rule 4(a)(1), Fed.R.App.P. In this case, however, the thirtieth day fell on a Sunday. Pursuant to Rule 26(a), Fed.R.App.P., the time to file the notice of appeal was extended until Monday, December 18, 1989. The notice of appeal, therefore, was timely.
 
 
 4
 Upon review of the record, however, we conclude we lack appellate jurisdiction in this appeal for another reason. Although the district court's order of November 17, 1989, found the Board liable for the reimbursement of educational expenses, the order did not determine the amount of liability. The plaintiff was instructed to submit an itemized statement of expenses within twenty days.
 
 
 5
 As a general rule, an order determining liability is not appealable until judgment has been entered on the amount. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744 (1976) (judgments "where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. Sec. 1291."); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1089 (3rd Cir.1988). See also Morgan v. Union Metal Mfg., 757 F.2d 792, 795 (6th Cir.1985) (attorney fees); Rudd Constr. Equip. Co., Inc. v. Home Ins. Co., 711 F.2d 54, 56 (6th Cir.1983). Lacking a fixed amount, the November 17, 1989 order is not a final order for purposes of appeal.
 
 
 6
 It is therefore ORDERED that defendant's appeal is dismissed without prejudice to the parties right to file a timely notice of appeal from a final judgment setting forth a fixed amount.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation