**Laura CALLAHAN, Plaintiff,**

v.

**Richard ALEXANDER, III, Kathy Vogt, Louis E. Simmons, Jr., Judge of the Third Judicial Circuit of Michigan, and Sandra Alexander, Defendants.**

Civ. No. 92–71734.

United States District Court, E.D. Michigan, S.D.

Jan. 12, 1993.

Patrick M. Maniscalco, Cleveland, OH, for plaintiff.

Kathy J. Vogt, Warren, MI, Albert A. Miller, Detroit, MI, for defendants.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Plaintiff, Laura Callahan, has filed three motions which are to be decided on the briefs alone.

This case is an outgrowth of a state custody dispute. Plaintiff instituted this lawsuit in District Court against the Circuit Judge who ruled against her, her ex-husband, his current wife, and his attorney.

The claims against the Judge, Defendant Simmons, were dismissed by this Court pursuant to Fed.R.Civ.P. 12(b)(6) on July 6, 1992. Plaintiff appealed that order on July 21, 1992. On August 4, 1992, Plaintiff filed a Request for a Stay of Proceedings until Resolution of Appeal. In the interim, on October 7, 1992, the Sixth Circuit dismissed Plaintiff's claim of appeal as having been filed from a non-final order. Plaintiff's Request must therefore be DENIED as moot.

Plaintiff filed a Motion for Revision of Interlocutory Order of Court and Certification Pursuant to F.R.C.P. 54(b) as There is No Just Reason to Delay an Appeal on August 20, 1992. She filed a Motion to Consolidate Hearings for the two motions on September 10, 1992. Plaintiff then filed an amended Rule 54(b) motion on September 16, 1992. All motions in this matter were scheduled to be heard on December 21, 1992. The Motion to Consolidate Hearings must also be DENIED as moot.

■ The Motion for Revision of Interlocutory Order of Court and Certification Pursuant to F.R.C.P. 54(b) as There is No Just Reason to Delay an Appeal would allow Plaintiff to appeal the dismissal of the Judge. In addition to allegations of false imprisonment, Plaintiff's complaint charges that all Defendants are "liable in tort for their conspiracy of action", that the Judge "acted in concert with Defendants", and that he, along with the attorney, "tacitly joined [the Alexanders] to intentionally harass, oppress, and persecute Plaintiff."

■ Certification of an order under Fed.R.Civ.P. 54(b) is proper only if it disposes of at least one claim with the degree of finality required to satisfy the appealability standards of 28 U.S.C. § 1291. *Rudd Construction Equipment Co., Inc. v. Homes Ins. Co.,* 711 F.2d 54, 56 (6th Cir. 1983). "[I]t must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claim action.'" *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980), *citing Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). An order which disposes of fewer than all claims or parties in an action is not final and not appealable in the absence of Rule 54(b) certification. *Porter v. Wright,* 968 F.2d 1215 (6th Cir.1992).

■ Federal Court practice mandates and prohibits "piecemeal disposal of litigation." *Federal Civil Judicial Procedure and Rules,* (1991 revised ed.), "Notes of Advisory Committee on Rules," R. 54(b), 1946 Amendment, p. 150. Rule 54(b) was intended to avoid a delay in judgment of a distinctly separate claim while awaiting the adjudication of an entire case. It is not applicable to the dismissal of one or more Defendants when all Defendants are

charged with various forms of concerted liability. *Id.* at 151.

Piecemeal appeals undermine the independence of the district court and prohibition thereof avoids "the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981). The Sixth Circuit has also stated that this rule, which is commonly called the final judgment rule, "also serves the important purpose of promoting efficient judicial administration." *Canada Coal Co. v. Stiltner,* 866 F.2d 153, 155 (6th Cir.1989).

In the instant case, the claims against the Judge and the remaining Defendants are inextricably intertwined. Plaintiff has alleged that all parties conspired to deprive her of her rights. The false imprisonment, custodial interference, malicious prosecution and conspiracy counts involve a concerted effort by all Defendants. The allegations against the Judge are not separate and distinct from those against the other Defendants.

Plaintiff's claim that an immediate appeal would have minimal impact on the remaining claims is mistaken. Also, she does not refute the inevitable burden on the Court of Appeals should this motion be granted. Nor does she address the potential prejudice which might result as to the other Defendants should the Sixth Circuit make a determination of the common issues. Plaintiff herself, in her Motion For Stay of Proceedings, conceded that the Defendant Judge Simmons was "fundamental to plaintiff's claims of conspiracy and malicious prosecution" and that his lack of participation in the action "would seriously prejudice plaintiff's cause of action and create an undue burden if the merits of the case are tried twice before this Court." In

the instant motion, Plaintiff similarly states that "an appeal could simplify the trial and prevent a double review of many of the same issues after a judgment is reached on the remaining parties."

■ This appeal, if allowed, would promote piecemeal litigation. This lawsuit, moreover, is not an "'infrequent harsh case' which justifies a Rule 54(b) certification." *Rudd Construction Equipment Co., Inc.,* 711 F.2d at 56 (citation omitted). The Sixth Circuit has mandated that certification under Fed.R.Civ.P. 54(b) be a rare and extraordinary event. It is available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship. Dismissal of Defendant Simmons was not such an "infrequent harsh case" to justify Rule 54(b) certification.

Here, Plaintiff maintains that delay of certification would force her to endure a long and expensive trial. The hardship of an expensive trial is a factor of litigation, one which is shared by each Defendant as well. She has already suffered the true hardships which were enumerated in her brief.[1] Since they are not likely to occur in the future, this is not an "infrequent harsh case" where an interlocutory appeal would be appropriate.

Assuming arguendo that this Court, acting within its discretion, found finality, and determined that this was an "infrequent harsh case," the next step would be to consider whether there was any just reason to delay the appeal. The Sixth Circuit has stated that "judicial economy will best be served by delaying appeal until all the issues can be confronted ... in a unified appeal." *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 62 (6th Cir.1986). The Court found that a delayed appeal was particularly appropriate where, as here, "the adjudicated and pending claims are closely relat-

---

**1.** Plaintiff, a Louisiana resident who had joint legal custody and primary physical custody of her two children, lost physical custody of the children when her ex-husband moved from Louisiana to Michigan in 1988. Plaintiff was later held for 226 consecutive days in a Michigan jail due to a civil contempt charge for violation of a visitation order. Plaintiff was denied visitation with her daughter and with her son for over one year and for approximately four months, respectively. She did not regain custody of the children until 1991.

ed and stem from essentially the same factual allegations." *Id.*

■ A district court must consider 1) whether the claims under review were separable from the others remaining to be adjudicated; and 2) whether the nature of the claim already determined was such that the appellate court would have to decide the same issues more than once even if there were no subsequent appeals. *Curtiss–Wright,* 446 U.S. at 8, 100 S.Ct. at 1465. The court must then determine whether an interlocutory appeal would be in the "interest of sound judicial administration." *Id.*

The Sixth Circuit has listed the factors which a district court must consider in determination of the justice of delaying a partial appeal. The factors include:

1. The relationship between the adjudicated and unadjudicated claims;

2. The possibility that the need for review might or might not be mooted by future developments in the district court;

3. The possibility that the reviewing court might be obligated to consider the same issues a second time;

4. The presence or absence of a claim or counter-claim which could result in a set-off against the judgment sought to be made final; and

5. Miscellaneous factors such as delay, economic and solvency considerations, and expense.

*Solomon,* 782 F.2d at 61 n. 2.

Despite the caption of Plaintiff's motion, Plaintiff has expressed no just reason for an immediate appeal. The Court has already delineated the judicial expense which would arise should it certify for interlocutory appeal the order dismissing Defendant Simmons. In the present case, consideration of the interests noted above do not militate towards permitting an immediate appeal. The consolidation of all issues in this lawsuit into a final appeal will preserve "the historic federal policy against piecemeal appeals." *Sears, Roebuck & Co.,* 351 U.S. at 438, 76 S.Ct. at 901.

Finally, in a case directly on point, the Sixth Circuit has held that an order dis-missing an individual Defendant on the basis of absolute immunity is not an appealable final order. *Coe by Coe v. Ziegler,* 817 F.2d 29 (6th Cir.1987).

An immediate appeal of the dismissal of Defendant Simmons would not "eliminate much unnecessary evidence, confine the issues, shorten the trial, save much expense to the litigants in connection with the preparation for trial and contribute considerably to expediting the work of the trial court." *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279, 1285 (6th Cir.1986).

Therefore, in accordance with the mandate of the Sixth Circuit, Plaintiff's Motion for Revision of Interlocutory Order of Court Certification Pursuant to F.R.C.P. 54(b) as There is No Just Reason to Delay an Appeal is hereby DENIED.

IT IS SO ORDERED.