**LOCAL UNION NO. 1812, UNITED MINE WORKERS OF AMERICA; District 17, United Mine Workers of America; International Union, United Mine Workers of America; Fred Davis; James Tucker; and Connie Bryant, Plaintiffs–Appellants,**

v.

**BETHENERGY MINES, INC.; Rob Fork Mining Corporation; Rob Fork Processing Corporation; Jackal Mining Company; Sidewinder Mining Company; Mine 21 Corporation; Mine 25 Corporation; Mine 26 Corporation; Mine 26 Processing Corporation; American Elkhorn Coal Company, Inc.; Quaker Coal Company, Inc.; Branham & Baker Coal Company, Inc.; Damron Coal Corporation; Donn Chickering, Individually and as Owner, Officer, and/or Director of Mine 21 Corporation, Mine 25 Corporation, Mine 26 Corporation, Mine 26 Processing Corporation, Rob Fork Mining Corporation, Rob Fork Processing Corporation, Quaker Coal Company, Inc., Branham & Baker Coal Company, Inc., and Damron Coal Corporation; K.T.K. Mining and Construction Company; Kiah Creek Mining Company; Todd Kiscaden, Individually and as Owner, Officer and Director of Jackal Mining Company, Sidewinder Mining Company, Kiah Creek Mining Company, and K.T.K. Mining and Construction Company; Johnny Shumate, doing business as Mountain Engineering, Inc.; Keith Vanhooser, Individually and as Owner, Officer and/or Director of Sidewinder Mining Company and Jackal Mining Company, Defendants–Appellees.**

No. 92–5064.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 3, 1992.

Decided Feb. 17, 1993 *.

---

* This decision was originally issued as an "unpublished decision" filed on February 17, 1993. On

Robert H. Stropp, United Mine Workers of America, Washington, DC, James R. Hampton (argued & briefed), Hazard, KY, for plaintiffs-appellants.

Lively M. Wilson, Shannon A. Northam, Joseph L. Hamilton (argued & briefed), Scot Duvall, Stites & Harbison, Louisville, KY, for BethEnergy Mines, Inc.

Forrest H. Roles (briefed), Mark E. Heath, Smith, Heenan & Althen, Charleston, WV, for defendants-appellees except Jackal Min. Co., Sidewinder Min. Co., K.T.K. Min. and Const. Co., Kiah Creek Min. Co., Todd Kiscaden, Johnny Shumate & Keith Vanhooser.

Charles J. Baird, Baird & Baird, Pikeville, KY, for remaining defendants-appellees.

April 6, 1993, the court designated the opinion as one recommended for full-text publication.

Before: NORRIS and SILER, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Plaintiffs, Local Union 1812, United Mine Workers of America, *et al.* ("UMWA"), appeal the district court's grant of summary judgment in favor of defendant, BethEnergy Mines, Inc. Plaintiffs brought a breach of contract action against BethEnergy Mines and Rob Fork Mining Corporation, and Rob Fork Processing Corporation, *et al.* ("Buyers"), in connection with the sale of BethEnergy coal mining operations to various buyers pursuant to an Asset Purchase Agreement ("Agreement"). For reasons stated herein, we find the summary judgment to be an appealable order and AFFIRM the summary judgment for BethEnergy.

At the time of the sale, BethEnergy was bound by the 1988 National Bituminous Coal Wage Agreement ("NBCWA").[1] Plaintiffs alleged that BethEnergy breached Article I of the NBCWA by failing to secure the obligation of the Buyers to assume BethEnergy's obligations under that contract. More specifically, plaintiffs claimed that BethEnergy violated its successorship obligations. BethEnergy filed a motion for summary judgment. In response, plaintiffs filed a cross motion for partial summary judgment against BethEnergy and a motion for summary judgment against the remaining defendants. Plaintiffs argue that if BethEnergy effectively fulfilled its NBCWA obligations, then the remaining defendants must in fact be bound by the NBCWA. Alternatively, if BethEnergy did not effectively bind these remaining defendants to its NBCWA obligations, then BethEnergy breached the contract. Judge Joseph Hood granted summary judgment for BethEnergy and denied plaintiffs' motion for partial summary judgment, but did not rule on the plaintiffs' motion against the remaining defendants. The district court certified the summary judgment as a "final and appealable order," pursuant to Fed.R.Civ.P. 54(b). Plaintiffs appeal the certification and summary judgment orders.

BethEnergy, a signatory to the NBCWA, entered into the Agreement in connection with the sale of its Kentucky Pike–Damron coal mining operations. Article I of the NBCWA states that "[e]ach employer [BethEnergy] promises that its operations covered by this Agreement shall not be sold, ..., to any successor without first securing the agreement of the successor to assume the Employer's obligations under this Agreement." BethEnergy was responsible for notifying the UMWA of any such transaction. Upon proper notification, the NBCWA further provided that "the Employer shall not be a guarantor or be held liable for any breach of the successor or assignee of its obligations...." NBCWA Article I.

In compliance with the contract, Agreement § 3.1 provided that the debts, obligations, and liabilities assumed by the Buyers would include all of BethEnergy's obligations under the NBCWA. After entering into the Agreement, the Buyers assigned the work at the conveyed operation sites to contract miners. Agreement § 5.6 provided that in the event any of the mining operations are performed on a contract basis, the contract miners were responsible for carrying out the Buyer's obligations. These contract miners signed the NBCWA as successors to BethEnergy and operated as successors by according employees their benefits, such as seniority and job security, under the NBCWA.

BethEnergy notified UMWA of the sale by sending a cover letter and copy of Agreement § 3.1, in which the Buyers agreed to assume BethEnergy's NBCWA obligations. BethEnergy's notice did not include a copy of the Agreement's § 11.7 "no third-party beneficiary" provision, which stated, in part: "... there shall be no third party beneficiary of any of the warranties or covenants made in the Agreement...." Nevertheless, BethEnergy received no objection from the UMWA to the transfer.

**I.**

A district court may certify an order as final and appealable "as to one or

---

1. The NBCWA is a collective bargaining agreement made February 1, 1988, between signatory coal operators and associations and the International Union, United Mine Workers of America. The NBCWA is binding on all signatories, like BethEnergy, and their successors and assigns.

more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay...." Fed. R.Civ.P. 54(b); *see Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 437, 76 S.Ct. 895, 900–01, 100 L.Ed. 1297 (1956). While a district court's decision to certify a claim for immediate appeal under Rule 54(b) merits substantial deference, the certification may be reversed by this court for abuse of discretion. *See Corrosioneering Inc. v. Thyssen Envtl. Sys.,* 807 F.2d 1279, 1282 (6th Cir.1986); *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61 (6th Cir.1986). Rule 54(b) is not to be used routinely, or as an accommodation to counsel, but should be used where an order terminates "all issues presented in at least one claim [in a multiple claims action] so that nothing remains except enforcement by execution of the judgment." *Rudd Constr. Equip. Co. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir.1983). Thus, the district court must offer some basis for the certification.

■ To determine whether Rule 54(b) certification is proper, a number of factors must be considered: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that appellate review may be mooted by future developments; (3) the possibility that the appellate court may have to consider the same issue twice; and (4) the costs of the delay. *See Solomon,* 782 F.2d at 61, n. 2. Pursuant to Rule 54(b), the court entered a final and appealable judgment for BethEnergy upon finding that: (1) all claims against BethEnergy had been fully adjudicated; and (2) there was no relationship between or among the remaining claims and parties and BethEnergy. This was a proper exercise of discretion under Rule 54(b). Plaintiffs' claims against BethEnergy involved a breach of contract that was severable from the claims against the remaining defendants. A ruling on the issue involving BethEnergy would have only an indirect impact on plaintiffs' remaining claims. Thus, the district court did not abuse its discretion by certifying the summary judgment as "final and appealable."

## II.

■ Article I of the NBCWA provides as follows:

[E]ach Employer promises that its operations covered by this Agreement shall not be sold, conveyed, or otherwise transferred or assigned to any successor without first securing the agreement of the successor to assume the Employer's obligations under this Agreement. Immediately upon the conclusion of such sale, conveyance, assignment of transfer of its operations, the Employer shall notify the Union of the transaction.... Provided that the Employer shall not be a guarantor or be held liable for any breach by the successor or assignees of its obligations, and the UMWA will look exclusively to the successor or assignees for compliance with the terms of this Agreement.

This provision placed upon BethEnergy the duty to secure any successor's agreement to assume all of BethEnergy's obligations under the NBCWA before selling any of its interest. In addition, BethEnergy was required to notify the UMWA of satisfaction of the successor obligation before completing such a transaction. In exchange for compliance with these requirements, the UMWA would then look exclusively to the successor for compliance with the terms of the NBCWA.

The Agreement complied with the requirements of Article I by requiring the Buyers to fulfill:

all of Seller's obligations and liabilities relating to the Pike–Damron Operations under a certain contract, dated February 1, 1988, between Seller and the International Union, United Mine Workers of America....

Asset Purchase Agreement, § 3.1(a). Despite the inclusion of the "no third party beneficiary" provision, § 3.1(a)'s language specifically bound the Buyers to BethEnergy's obligations under the NBCWA. Moreover, the Buyers conceded that the no third party beneficiary provision was not intended to affect, and did not affect, the plaintiffs' ability to enforce their contract rights against the Buyers. As BethEnergy notified the UMWA of its intention to convey the Pike–Damron operations and included a copy of the Agreement § 3.1(a), it is clear that BethEnergy met all the requirements pro-

pounded by the NBCWA to assure the successorship obligation.

Plaintiffs argue that if BethEnergy knew of the Buyers' intentions to avoid the obligations by using contract miners, then BethEnergy failed to secure the agreement of the successors to comply with the NBCWA. However, BethEnergy was not a guarantor of the Buyers' performance. *See* NBCWA Article I. Thus, having secured the Buyers' agreement to comply, and providing adequate notification to the UMWA, BethEnergy fulfilled its obligations under the NBCWA.

### III.

Finally, the Buyers contend that as the sufficiency of their performance under the NBCWA is not the subject of this appeal, they were improperly named as parties to this appeal. As the issue on appeal deals solely with BethEnergy's performance under the NBCWA, the Buyers are not necessary parties to this action. Recognizing that plaintiffs may have an action against the Buyers in the future, these defendants are not proper parties to the issue before this court. Accordingly, each should be dismissed from this appeal.

**AFFIRMED.**