**LITTLE CAESAR ENTERPRISES, INC., Plaintiff,**

v.

**Gary G. SMITH et al., Defendants.**

**Civil Action No. 93–40520.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 16, 1996.

Alan C. Harnisch, Harnisch & Hohauser, Bingham Farms, MI, Irwin M. Alterman, Kemp, Klein, Umphrey & Endelman, P.C., Troy, MI, for Little Caesar Ent.

Robert J. Schmit, Schatz, Paquin, Lockridge, Grindal & Holstein, Minneapolis, MN, for Smith Family Foods.

## ORDER DENYING MOTION FOR CERTIFICATION AND ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)

GADOLA, District Judge.

This matter is before the court on a motion for entry of final judgment under Federal Rule of Civil Procedure 54(b). The movants are the "Fields" and "Hennessy" plaintiffs in the counter-suit brought by the defendants in the above captioned matter.[1] That counter-suit, case number 93–CV–40521, was consolidated with the above captioned matter by stipulation and order on January 19, 1994. For purposes of clarity and consistency, this court will refer to the Fields and Hennessy plaintiffs as "movants."

The original counter-suit involved claims by three franchise groups, the Smith, Fields and Hennessy groups, against Little Caesar Enterprises, Inc. ("Little Caesar") and its affiliates. These claims are roughly divisible into three categories: (1) antitrust claims related to an alleged tying arrangement and to price fixing in violation of the Sherman Act, 15 U.S.C. § 1 and the Michigan Antitrust Act, M.C.L.A. § 445.771 et seq. (Counts I–IV); (2) breach of contract claims alleging that Little Caesar's national price point ad-

vertising has deprived the franchisees of their contractual right to establish their own retail prices for pizza and related items (Count V); and (3) breach of contract and conversion claims based on allegations that Little Caesar misused funds paid by franchisees into a common advertising fund (Counts VI and VII).

On August 7, 1995, this court entered a memorandum opinion and order granting Little Caesar's motion for partial summary judgment and dismissal of various counts of the counter-suit. *Little Caesar Enterprises, Inc. v. Smith,* 895 F.Supp. 884 (E.D.Mich. 1995). Specifically, this court dismissed the tying arrangement and price fixing claims contained in Counts I, II, III, and IV and the breach of contract action relating to Little Caesar's national price point advertising in Count V.[2] The movants presently request this court pursuant to Rule 54(b) to certify as final its August 7, 1995 order dismissing the claims contained in these counts. Based upon the authorities presented and for the reasons discussed below, this court will deny this motion.

### DISCUSSION

Federal Rule of Civil Procedure 54(b) permits immediate review of orders in cases involving multiple claims or parties prior to the ultimate disposition of the case. It provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and di-

---

1. The "Fields" plaintiffs are Sharon Fields, LCP of Lenoir City, Inc., LCP of East Maryville, Inc., LCP of Chapman Square, Inc., and LCP of Powell Place, Inc. The "Hennessy" plaintiffs are John Hennessy, Dani Hennessy and Pizza Farm, Inc. The remaining plaintiffs in the consolidated counter-suit include Gary Smith, Linda Smith, Brian Smith and Smith Family Foods, and will be referred to as the "Smith" plaintiffs.

2. This court also denied a motion by Smith, Fields and Hennessy to certify a plaintiff class of franchisees under Federal Rule of Civil Procedure 23, in light of the predominance of individual issues of fact over the common issues alleged among the proposed class.

rection, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. . . .

■ As the express language of Rule 54(b) dictates, entry of final judgment in these cases is to be ordered only in those limited situations where the court determines that no just reason exists for not directing entry of judgment. Consistent with this language, the case law has developed a two-stage inquiry to guide the district courts in their analysis of Rule 54(b) questions. First, the district court must determine that a "final judgment" is involved. A "final judgment" has been defined as a decision upon a cognizable claim for relief which ultimately disposes of that individual claim. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980).

■ Once the district court determines that it has entered a final judgment, it must assess whether no just reason exists for delaying appellate review of that judgment. *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). Although the district court enjoys substantial discretion in making this determination, this discretion is guided by several factors. Initially, the district court must examine the relationship between the adjudicated and the unadjudicated claims to determine whether they are truly separate and independent. *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir.1994). This inquiry serves the dual purpose of preventing duplicative appellate litigation and ensuring that appellate review is neither premature nor moot. *See Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1163 (6th Cir.1995) (expressing a concern about rendering advisory opinions); *Justice*, 40 F.3d at 141 (requiring that the claims be separate "so that the appellate court will not have to consider the same issues again if a second appeal is brought."). Moreover, the district court must articulate the reasons for certifying a final order. *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir.1986) (holding that failure to provide grounds for certification constitutes an abuse of discretion).

Further tempering the district courts discretion is the longstanding federal policy against "piecemeal appeals." *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. at 1465 (reasoning that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."). To effectively promote this interest, the Sixth Circuit has concluded that interlocutory appeals under Rule 54(b) should be limited to "infrequent harsh cases." *Id.* (citing *Rudd Construction Equip. Co., Inc. v. Home Insurance Co.*, 711 F.2d 54, 56 (6th Cir.1983)). This limitation strikes a balance between the interests of efficient case management and the equities involved in the appeal of individual final judgments in multiple party or claim cases. *See General Acquisition*, 23 F.3d at 1027; *see also Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. at 1465 (holding that the district court's discretion is to be exercised "in the interest of sound judicial administration."). In this vein, the Sixth Circuit has also held that Rule 54(b) is not to be used "indiscriminately." *Soliday*, 55 F.3d at 1163 (citing *Coalition For Equitable Minority Participation v. Metropolitan Govt.*, 786 F.2d 227, 230 (6th Cir.1986)).

The movants contend this court's August 7, 1995 order dismissing counts I through V constitutes a judgment for purposes of Rule 54(b) in that it adjudicates fewer than all the claims of fewer than all the parties in the counter-suit. It is final, the movants further submit, because it ultimately disposes of those claims by the movants with the degree of finality required under the standards of 28 U.S.C. § 1291. Finally, the movants argue that no just reason to delay entry of a final order exists because their adjudicated claims are factually and legally distinct from their unadjudicated claims, and because their adjudicated claims are sufficiently distinct from the unadjudicated claims of the Smith plaintiffs.

Little Caesar responds that certification is inappropriate for the tying claims asserted in Counts II and IV and the breach of contract

claim in Count V relating to national price point advertising both because there has not been a final judgment under Rule 54(b) and because just reasons to delay an appeal by the movants exist. Little Caesar submits that Rule 54(b) considers a judgment final only when it disposes of one or more claims or one or more parties. At its core, Little Caesar reasons, the movants' tying and price point advertising claims rely upon the denial of AmeriServ's distributorship request, which is the central theory utilized by the Smith plaintiffs in their pending action. Accordingly, Little Caesar concludes that this court's August 7, 1995 order does not entirely dispose of either of these claims. Finally, Little Caesar submits that the price fixing claims contained in Counts I and III is, by the movants admission, "not a claim that is central to [the movant's] case" and that the Rule 54(b) request on these counts should be denied as frivolous.

[4] This court agrees. Certification of the tying arrangement claims in Counts II and IV is inappropriate because this court's dismissal of those claims does not constitute a final judgment for purposes of Rule 54(b). In defining a final judgment under Rule 54(b), the Supreme Court has stated:

> It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

*Curtiss–Wright,* 446 U.S. at 7, 100 S.Ct. at 1464. Accordingly, a judgment is not final for purposes of Rule 54(b) unless it entirely disposes of an individual claim or party. In this case, neither has occurred. This court's August 7, 1995 order did not dismiss all of the claims of the Fields or Hennessy plaintiffs and did not dispose of the entire tie-in claim, because it did not dismiss that claim as to the Smith plaintiffs.

The movants understate the scope of this court's dismissal and misstate the appli-

cability of Rule 54(b) to this case. Review of the pleadings confirms that the movant's dismissed claims are identical in substance with the remaining claims of the Smith plaintiffs. Under Rule 54(b), an individual "claim" is defined by a common aggregate of operative facts which give rise to the claimant's legal rights, irrespective of the theories of liability asserted or damages alleged. *General Acquisition,* 23 F.3d at 1028. Here, all of the plaintiffs based their tie-in claims in part upon the denial of AmeriServ as an alternative nationwide distributor. This denial, it was alleged, was part of a pattern demonstrating an intent to exclude alternative distribution services.[3] Because the Smith plaintiffs pending tie-in claim revolves around this same set of operative facts, certification would be improper. Although the movant's tie-in claim theories have been dismissed, for purposes of Rule 54(b), the tie-in claim has not. This court will not certify the dismissal of movant's tie-in claims in Counts II and IV as final.

Similarly, certification of the movant's price fixing claims in Counts I and III is also unwarranted. The record clearly demonstrates that the plaintiffs' price fixing claims are intimately linked to the tie-in claims in Counts II and IV. As such, the price fixing claims share a significant number of operative facts with the pending tie-in claims of the Smith plaintiffs and cannot be considered final for purposes of Rule 54(b).

In their amended complaint, the plaintiffs allege that the defendants maintained a scheme to control the sale of goods to franchisees by imposing a maximum retail pricing system which injured the franchisees by forcing them to buy goods at high prices and sell them at low prices. Moreover, in their first motion for class certification, the plaintiffs submitted:

> The illegal tying arrangement insured the continuation of supra-competitive prices by defendants. But, they also needed to insure a high level of demand for the Goods

---

**3.** The procedural history of this case demonstrates that all of the plaintiff's claims arose out of a similar set of operative facts. In order to join in this lawsuit, the plaintiffs had to satisfy the requirements of Federal Rule of Civil Proce-

dure 20(a) which requires them to assert their claims "jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences."

which Blue Line sold to the franchisees. Defendants accomplished this by adopting a maximum re-sale price maintenance scheme through the vehicle of a national advertising program known as "price-point-advertising."

Accordingly, the plaintiffs cannot now argue that the price fixing claims in Counts I and III are unconnected to the tie-in claims. As the Sixth Circuit has stated:

> We think judicial economy will best be served by delaying appeal until all the issues can be confronted by this Court in a unified package. This is particularly true where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.

*Soliday*, 55 F.3d at 1163. This court finds that the price fixing claims dismissed in this court's August 7, 1995 order are closely related to the pending tie-in claims and stem from essentially the same factual allegations. Therefore, although the price fixing claims were dismissed as to all the plaintiffs, they share enough factual affinity with the pending Smith plaintiffs' tie-in claims to render certification inappropriate.

This court also finds that certification of the movants' national price point advertising claim in Count V is unwarranted. As the movants conceded, this claim is not central to their case and, therefore, does not provide a sufficient basis for certification. This court simply cannot say that no just reason for delay exists for delaying entry of a final order on such a minor portion of the movants' claims.

### ORDER

Therefore, it is hereby **ORDERED** that the movants' motion for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) is **DENIED.**

**SO ORDERED.**