## LIBERTE CAPITAL GROUP,
### Plaintiff,

v.

### James A. CAPWILL, et al., Defendant.

### No. 5:99 CV 818.

United States District Court,
N.D. Ohio,
Western Division.

June 16, 2004.

David W. Zoll, Zoll & Kranz, Gerald R. Kowalski, Cooper & Walinski, Toledo, OH, James Wong Young Oh, Javitch, Block & Rathbone, Cleveland, OH, N. Stevens Newcomer, Perrysburg, OH, Victor M. Javitch, Javitch, Block & Rathbone, Cleveland, OH, for Plaintiff.

James A. Capwill, Aurora, OH, pro se.

John S. Pyle, Gold & Pyle, Larry S. Gordon, Mark R. DeVan, Berkman, Gordon, Murray & DeVan, John E. Sullivan, III, Sullivan & Sullivan, Richard G. Lillie, Lillie & Holderman, William T. Wuliger, Wuliger, Fadel & Beyer, Cleveland, OH, for Defendant.

---

**109.** ECF # 81.

**110.** ECF # 78.

## ORDER

KATZ, District Judge.

### METHOD OF DISTRIBUTION

On June 14, 2004 the Court held a fairness hearing on the motion of the Alpha Receiver, William T. Wuliger, Esq., regarding the method of distribution for funds within the CRG Receivership. The Receiver advised in open court that on April 2, 2004, NorthEast Escrow Services sent notices to all 62 investors, by certified mail, a copy of this Court's order of April 2, 2004 (Doc. No. 2162) accompanied by the Receiver's motion for a *pro rata* distribution.

Northeast Escrow Services received proof of receipt of that mailing from 60 investors. Of the 2 investors who did not receive the certified mailing, one was returned as unclaimed and reissued via regular mail. Therefore, as of the date of the hearing all CRG investors received notice of this Court's order accompanied by a copy of the Receiver's motion.

The Court received only two responses, those from investors Elvin Rust and Mark and Peter Reinholtz. These particular investors voiced their opposition to a pro rata distribution and requested the direct benefits of their particular investment. There was no request by any CRG investors or their counsel to speak at the hearing.

As this Court stated at the hearing, the written responses to the Receiver's notice were reviewed. This matter involves the same issue as in *Liberte v. Capwill*, 229 F.Supp.2d 799 (N.D.Ohio 2002), a decision rendered by this Court on November 7, 2002, presently on appeal to the Sixth Circuit Court of Appeals. That case, like this, involves a balancing of interests between those matched to a particular policy against those who were never matched with any policy or, perhaps, were matched with policies which were permitted to lapse or be rescinded.

■ Like the Liberte and Alpha investors, from the time it became clear that disbursement to the CRG investors would be the ultimate goal of the litigation and the Receivership, foremost in this Court's mind was how best to grapple with the method of disbursement to the more than 60 CRG investors. As in the *Liberte* case, this Court, sitting in equity, is governed by a fundamental principal that the method of distribution should be fair and equitable. Having considered all of the circumstances surrounding this matter and for the reasons stated in the *Liberte* decision, the Court adopts a *pro rata* approach with regard to the distribution of funds in the CRG Receivership to the CRG investors. As in *Liberte,* a *pro rata* distribution will place all CRG investors on an equal footing so as to minimize to the extent possible the damages in the wake of this financial fiasco. *Id.* at 804–805.

### INTERLOCUTORY APPEAL

### I.  Rule 54(b)

### A.  Rule 54(b) Standard

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any

order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b).

Rule 54(b) was enacted as "a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise 'what should be treated as a judicial unit for purposes of appellate jurisdiction.'" *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1282 (6th Cir.1986) (citation omitted). The Rule " 'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Id.* (citations omitted). The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the discretion of the district court. *Id.*

### B. Entry of Final Judgment

■ The first requirement for Rule 54(b) certification is that this Court "direct the entry of final judgment as to one or more but fewer than all the claims or parties." Fed.R.Civ.P. 54(b). That requirement appears to be satisfied in the instant case. "[T]he concept of a 'claim' under Rule 54(b) denotes the aggregate of operative facts which give rise to a right enforceable in the courts." *General Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1028 (6th Cir.1994) (internal quotation and citation omitted). The "operative facts" which give rise to disbursement regarding the CRGH investors are distinct from those raised against Capwill or the claims asserted by the various victims and/or

creditors. The method of disbursement as to the CRG investors implicates distinct legal rights from the other litigants which weighs in favor of a final determination on the this specific issue. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir.2002) (noting process for appellate jurisdiction). Moreover, the claims by those CRG investors seeking the full measure of their bargain was completely disposed of by virtue of the Court's ruling on the distribution issue.

### C. No Just Reason to Delay Appellate Review

In addition to satisfaction of the multiple claims requirement, Rule 54(b) also requires that this Court make an "express determination that there is no just reason for delay" of appellate review. Fed.R.Civ.P. 54(b). The Sixth Circuit set forth a "nonexhaustive list" of factors for the district court to consider in *Corrosioneering, supra*, as follows:

(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1283 (quoting *Allis–Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir.1975)).

Mindful of the Sixth Circuit's admonition that Rule 54(b) appeal should be limited to "infrequent harsh case[s]", *Rudd Construction Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir.1983), this Court believes that an analysis of the *Corrosioneering* factors mitigates in favor of certification of this Court's finding as to the method of disbursement. The relationship between the adjudicated and unadjudicated claims is such that they would be most efficiently dealt with in a single proceeding.

Resolution of the method of disbursement can only serve to expedite a resolution of this matter and afford some measure of relief to the victims, many of whom have lost their life's savings in this debacle.

If certification is not granted, the disbursement methodology to CRG investors will proceed on appeal at the conclusion of this case and delay the ultimate goal, disbursement of funds. In the event certification is successful, upon return to this Court, the class, indeed all the litigants could proceed forward with and benefit from disbursement. There is no just reason to delay appeal of the method of disbursement to the CRG investors. Judicial economy is clearly served by certifying the final judgment as to that claim for appeal.

### Conclusion

For the reasons stated above, the Alpha Receiver's motion for a ruling regarding a method of distribution for funds within the CRG Receivership Estate (Doc. No. 2160) is granted. The Court adopts a *pro rata* method of disbursement with regards to the CRG investors. The Receiver's motion for Court direction (Doc. No.1917) as to the CRG funds is granted. The claims of entitlement to benefits by CRG investors Rust, Alexander (Doc. No.1950), and Mark

and Peter Reinholtz (Doc. No.1952) are denied. Finally, the Court's determination is certified for appeal pursuant to Rule 54(b) as there is no just reason to delay appeal of the CRG investors method of disbursement.

IT IS SO ORDERED.